Courtney T. DOYLE,
Plaintiff–Appellant,

v.

Edward MURRAY; Toni V. Bair; J.D.
Netherland; T.C. Bullock, Jr.,
Defendants–Appellees.

No. 90–7117.

United States Court of Appeals,
Fourth Circuit.

Argued May 9, 1991.

Decided June 25, 1991.

Sa'ad El–Amin, El–Amin & Crawford, Richmond, Va., argued, for appellant.

Mark Ralph Davis, Asst. Atty. Gen., Public Safety & Economic Development Div., Richmond, Va., for appellees; Mary Sue Terry, Atty. Gen., of Virginia, Robert H. Herring, Jr., Asst. Atty. Gen., Public Safety & Economic Development Div., Richmond, Va., on brief.

Before PHILLIPS, Circuit Judge, STAKER, District Judge for the Southern District of West Virginia, sitting by designation, and KAUFMAN, Senior District Judge for the District of Maryland, sitting by designation.

PHILLIPS, Circuit Judge:

This is an appeal from a district court decision dismissing the 42 U.S.C. § 1983 claim of Courtney Doyle for failure to prosecute a claim. The court dismissed the case as a sanction resulting from the failure of Doyle's attorney, Sa'ad El–Amin, to attend a pre-trial conference. The court's memorandum opinion indicated that the dismissal was based significantly on El–Amin's misbehavior in another unrelated action before the same court. Because we believe that the sanction of dismissal was

too drastic in the light of the facts of this particular case, we vacate the judgment of the district court and remand for reconsideration of sanctions.

## I

This case has a very brief history, dating back only about a year. On May 15, 1990, Doyle—an inmate in the custody of the Virginia Department of Corrections—commenced a § 1983 action against certain prison officials challenging prison disciplinary procedures. On June 8, 1990, defendants filed a Rule 12(b)(6) motion to dismiss. On June 20, Doyle filed his written opposition to the motion. Meanwhile, on June 15, 1990, the court had set a pretrial conference for June 27, 1990, and notice of the conference had been mailed to the parties by the clerk's office that same day.

Doyle's counsel, El–Amin, failed to appear for the June 27 pretrial conference. Concerned about his absence, the court called El–Amin's office and learned that he was in Newport, Virginia conducting depositions. Counsel for the defendants immediately filed a motion to dismiss for failure to prosecute, pursuant to Rule 41(b). On July 9, 1990, El–Amin filed an opposition to the Rule 41(b) motion, arguing that he had never received the court's Notice of Pretrial Conference and that he did not learn of the conference until the court called his office on June 27. The district court determined that El–Amin's behavior required a severe sanction. The court granted appellee's motion to dismiss on August 10, 1990, less than three months after commencement of this action. Doyle now appeals.

## II

<span style="display:inline-block;width:2em;background:black;"> </span> As an initial matter, we note that "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash R.R.*, 370 U.S. 626, 629, 82 S.Ct. 1386, 1388, 8 L.Ed.2d 734 (1962). Rule 41(b) of the Federal Rules of Civil Procedure provides an explicit basis for this sanction. It is also true, however, that the sanction of dismissal, when used to punish attorney misbehavior, is only appropriate in the most egregious cases. In order to insure that sanctions be fixed in proportion to the severity of a party's or lawyer's misconduct, this court has laid down a four-part analysis courts should consider before levying the sanction of dismissal. A court must balance:

(1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a "drawn out history of deliberately proceeding in a dilatory fashion," and (4) the existence of sanctions less drastic than dismissal.

*Herbert v. Saffell*, 877 F.2d 267, 270 (4th Cir.1989), *quoting Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982).

Doyle argues that the sanction imposed here was inappropriately harsh for several reasons. First, he argues that he was in no way personally responsible for El–Amin's failure to attend the pretrial conference. Second, he notes that the district court's decision to impose sanctions was based, in part, on El–Amin's misbehavior in another unrelated matter. Finally, he contends that the court's interest in the orderly administration of justice could be equally served, at this juncture, by a lesser sanction. We agree.

<span style="display:inline-block;width:2em;background:black;"> </span> In a memorandum order granting the motion, the district court made reference to El–Amin's behavior in an unrelated litigation, *Claitt v. Newcomb*, CA–89–788–R (E.D.Va. Aug. 10, 1990), stating that he "once again ... demonstrated a clear disregard for this Court's directives and for basic principles of courtesy among litigants and their counsel." Concluding that El–Amin's failure "to give advance notice of his absence or to make other arrangements suggested deliberate delay on his part, or at least a reckless disregard for this Court's orders," it held that "other potential sanctions, such as the assessment of costs, would be insufficient in this case."

We think the court's reliance on El–Amin's behavior in *Claitt* as a justification for the ultimate sanction levied in this case

was not warranted. In *Claitt*, El–Amin allegedly failed to supplement interrogatory answers on time, submitted untimely revised witness lists, failed to notify defendant's counsel of plaintiff's decision to waive a jury trial, and supplemented the exhibit list in an untimely fashion. Whatever El–Amin may have done in the *Claitt* case, however, he did none of those things here. Indeed, his failure to appear at the pretrial conference appears to be his first and only dereliction in this short case.

 When imposing sanctions directly upon counsel for derelictions of the sort involved here, a court obviously may take into account comparable conduct in other cases of which the court has knowledge. This may be appropriate in determining the level of sanction required to deter further derelictions by counsel seemingly bent on flouting court procedures. But the sanction of dismissal operates most directly on the client, and to impose it for past derelictions of counsel raises quite a different problem. We need not say "never" in order to point out the danger, when choosing sanctions, of visiting the earlier sins of an attorney upon each new client he represents. It is of course proper, within bounds, to hold clients to some measure of responsibility both for selecting competent attorneys and, more important, for supervising their conduct in representing them under ordinary principles of agency. *See Link*, 370 U.S. at 633–34, 82 S.Ct. at 1390–91. But this must always be done with an eye to the realities of a client's practical ability to supervise and control his attorney's litigation conduct. *See Reizakis v. Loy*, 490 F.2d 1132, 1135 (4th Cir.1974) ("in situations where a party is not responsible for the fault of his attorney, dismissal may be invoked only in extreme circumstances"). Here, Doyle could not be thought responsible, except in the most rigid legal sense, for the sanctioned conduct of his attorney. He was incarcerated, with obviously limited practical opportunities directly to follow the progress of his case through its relatively low-profile pre-trial progress. The case had not proceeded far enough for any patterns of dilatoriness to have become apparent to him even had he been in the free society. While we do not minimize the importance of trial courts' need through the sanctioning power to force attorneys to comply with critical pretrial orders and schedules, we do not believe that what happened here constituted the "extreme circumstances" warranting dismissal of which we spoke in *Loy*.

Accordingly, we vacate the disciplinary order of dismissal and remand the case to the district court for reconsideration. There is no challenge here to the justification for imposition of some sanction. Obviously a severe one may be warranted for what the court has properly found to be an inexcusable breach of professional conduct by Mr. El–Amin. We hold only that under the circumstances the sanction of dismissal was not warranted in the exercise of sound judicial discretion.

VACATED AND REMANDED.