2 F.3d 1149
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Virginia ENWEREMADU; Staniel Enweremadu, an infant, BY AND
THROUGH Virginia ENWEREMADU, her mother and next friend;
Stanton Enweremadu, an infant, by and through Virginia
Enweremadu, his mother and next friend,
Plaintiffs-Appellants,
v.
J. L. REICHLIN, Individually, Unknown Police Officers of the
Chesterfield County Police Department,
Defendants-Appellees.
 No. 92-1845.
 United States Court of Appeals,
Fourth Circuit.
 Argued: June 7, 1993.
Decided: August 18, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. Richard L. Williams, Senior District Judge. (CA-91-598-R)
 Beverly Diane Crawford, El-Amin & Crawford, P.C., Richmond, Virginia, for Appellant.
 Steven L. Micas, County Attorney, Chesterfield, Virginia, for Appellees.
 Sa'ad El-Amin, El-Amin & Crawford, P.C., Richmond, Virginia, for Appellant.
 Jeffrey L. Mincks, Deputy County Attorney, Michael S. J. Chernau, Assistant County Attorney, Chesterfield, Virginia, for Appellees.
 E.D.Va.
 REVERSED.
 Before MURNAGHAN, HAMILTON, and LUTTIG, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Virginia Enweremadu and her two minor children, Staniel and Stanton, have appealed from the district court order dismissing with prejudice their civil rights action for failing to state a claim upon which relief could be granted, Fed. R. Civ. P. 12(b)(6), and dismissing without prejudice several pendent state law claims, and the court's denial of their request to alter or amend judgment pursuant to Fed. R. Civ. P. 59(e) and 60(b). They have argued on appeal that dismissal of their suit was inappropriate where the only reason cited by the district court was their failure to reference the Fourteenth Amendment in an otherwise sufficient complaint.
 
 
 2
 The plaintiffs filed the underlying suit for damages against J.L. Reichlin, a police officer with the Chesterfield County Police Department, and other unknown police officers of the Chesterfield County Police Department, alleging that they were assaulted and abused by Reichlin and the other officers when the officers attempted to serve two misdemeanor warrants on Virginia Enweremadu in her home on March 6, 1990.
 
 
 3
 In their complaint, the plaintiffs give the following account of the events that took place on March 6, 1990. On that date, Reichlin went to the Enweremadus' home in Chesterfield County, Virginia, to serve the misdemeanor warrants on Virginia Enweremadu. When Reichlin arrived, Enweremadu was at work. Enweremadu's daughter Staniel, who was thirteen at the time, answered the door and told Reichlin she could not open the door for anyone per her mother's instructions. Reichlin then allegedly threatened to break down the door, drag Staniel outside, and choke her if she refused to open the door. Staniel became upset and called her mother at work. When Enweremadu arrived home, Reichlin had left the premises, but both her children were upset and crying. Enweremadu called 911 to request assistance.
 
 
 4
 Shortly thereafter, Reichlin returned, entered without knocking through an open door, and informed Enweremadu that he had a warrant for her arrest. Enweremadu attempted to call 911 again for assistance, and as she did so, Reichlin allegedly grabbed her from behind in a chokehold. Stanton, who was ten years old, attempted to rescue his mother from Reichlin. Reichlin allegedly reacted by striking the boy in the face, throwing him backwards.
 
 
 5
 Enweremadu has alleged that when she again attempted to call 911, Reichlin pulled the telephone from the wall. Staniel phoned 911 to report the incident, during which time it is charged that Reichlin again grabbed Enweremadu in a chokehold. When the 911 dispatcher called the Enweremadu home, Enweremadu has alleged that Reichlin stopped his assault on her.
 
 
 6
 According to the plaintiffs, when the other officers arrived, Reichlin told them that Enweremadu had resisted arrest. She denied this; but an unknown officer allegedly grabbed her around the neck and rendered her semi-conscious. When she regained consciousness, she was lying on her couch with her feet and hands bound. Staniel also was grabbed around the neck by the unknown police officers.
 
 
 7
 Following the arrest, Enweremadu was taken to the Chesterfield County Police Department. The misdemeanor warrants in question had been issued based on Enweremadu's alleged theft of less than five dollars from a Richmond man and her alleged wilful damage of his property. She was unaware of the charges until the day of her arrest. As a result of the general melee surrounding the execution of the warrants, Enweremadu also was charged with resisting arrest and remained incarcerated for two days until she could raise a $2000 bond. The resisting arrest charge subsequently was dismissed.
 
 
 8
 Based on the foregoing events as described in their complaint, Enweremadu and her children filed suit pursuant to 42 U.S.C. Sec. 1983 in the federal district court in the Eastern District of Virginia on October 17, 1991. The Enweremadus alleged that Reichlin and the other unknown police officers used excessive force in serving the misdemeanor warrants in violation of the Fourth Amendment and that the officers violated their First Amendment free speech rights. In addition, they proffered state claims of gross negligence, assault and battery, and malicious prosecution. The jurisdictional section referenced the First and Fourth Amendments of the U.S. Constitution, 42 U.S.C. Secs. 1983 and 1988, and 28 U.S.C. Sec. 1343.
 
 
 9
 Approximately six months after the complaint was filed (and after the applicable two-year statute of limitations had run), Reichlin and the other officers filed a motion to dismiss pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that the plaintiffs had failed to state a federal claim upon which relief could be granted, because their complaint did not specifically reference the Fourteenth Amendment.
 
 
 10
 Plaintiffs' counsel responded in a brief, stating that he understood the interconnection between the Fourteenth Amendment and the First and Fourth Amendment claims. He did not, however, move to amend the complaint. The defendants replied, reiterating their contention that the complaint was inadequate as it did not specifically mention the Fourteenth Amendment.
 
 
 11
 On May 13, 1992, the district court in a Memorandum Opinion granted defendants' motion to dismiss with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6). The district court concluded that the plaintiffs' failure to cite the Fourteenth Amendment in their complaint was fatal and required dismissal because, under the doctrine of selective incorporation, the First and Fourth Amendments only apply to state officials through the due process clause of the Fourteenth. The court declined to exercise supplemental jurisdiction over plaintiffs' pendent state law claims, which were dismissed without prejudice.
 
 
 12
 On May 22, 1992, the Enweremadus filed motions to alter and amend the court's order of May 13, 1992, and for relief from the judgment pursuant to Rules 59(e), 60(b)(1), and 60(b)(6) of the Federal Rules of Civil Procedure. On June 8, 1992, the appellants filed a motion for leave to file an amended complaint pursuant to Fed. R. Civ. P. 15(a).
 
 
 13
 On June 18, 1992, the district court entered its order denying plaintiffs' motions to alter and amend judgment, for relief from judgment, and for leave to amend. In its Memorandum Opinion, the district court, in response to plaintiffs' motion for relief from judgment, stated:
 
 
 14
 Even if Plaintiff's counsel did misunderstand the thrust of the Defendant's motion to dismiss, the misunderstanding does not rise to the level of "excusable neglect." ... Plaintiff's assertion that she misunderstood the basis for the Defendant's motion is simply not credible. Even if true, however, such assertion reflects extreme carelessness for which no acceptable excuse has been alleged or shown.
 
 
 15
 With regard to the motion to amend the complaint, the court concluded that:
 
 
 16
 Once a judgment is entered, the filing of an amendment to a complaint cannot be allowed until the judgment is set aside or vacated under rule 59 or Rule 60 ... In other words, despite the liberal amendment policy of rule 15(a), a party moving for amendment after judgment has been entered will be successful only if she first demonstrates that the judgment should be set aside for one of the six reasons specified in rule 60(b).
 
 
 17
 The court did not find any of the six reasons to be present and denied the motion. The plaintiffs, by appeal, have challenged both the 12(b)(6) dismissal and the denial of an opportunity to alter or amend.
 
 
 18
 We review de novo the district court's dismissal under Rule 12(b)(6). Schatz v. Rosenberg, 943 F.2d 485, 489 (4th Cir. 1991), cert. denied, U.S., 112 S.Ct. 1475 (1992). In conducting our review, we must accept as true all allegations stated in the complaint. Adams v. Bain, 697 F.2d 1213, 1216 (4th Cir. 1982). Dismissal under Rule 12(b)(6) is not appropriate "unless it appears beyond doubt that the plaintiff can prove no set of facts to support his [or her] claim which would entitle him [or her] to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Revene v. Charles County Commrs., 882 F.2d 870, 872 (4th Cir. 1989).
 
 
 19
 The events described in the Enweremadus' complaint, if accepted as true, adequately state a Fourth Amendment claim even without express reference to the Fourteenth Amendment. The contention that the appellants have failed in their pleadings to note the jurisdictional connection provided by the Fourteenth Amendment does not alter the integrity of the factual allegations or otherwise make the complaint appropriate for dismissal under Rule 12(b)(6). Here, the complaint alleged, in part, that Reichlin and the other officers acted unreasonably, in light of the surrounding circumstances, in their use of force against the Enweremadus. If that allegation is proven, then there has been a violation of the Enweremadus' Fourth Amendment rights and they have a cause of action under Sec. 1983. See Graham v. Connor, 490 U.S. 386 (1989).
 
 
 20
 Although it is true, as a technical matter, that the Fourth Amendment only applies to the states by means of the Fourteenth Amendment, it was and is clear from the nature of the action that the appellants have contended that their federal constitutional rights were violated by state officials. The Enweremadus sued the officers under the Civil Rights Act, 42 U.S.C. Sec. 1983, which was enacted in order to allow exactly the type of suit at issue here.* Moreover, the Fourth Amendment, not the Fourteenth, provides the applicable legal standard in an excessive force case. Graham, 490 U.S. at 394-397. Thus, the Fourteenth Amendment is merely the avenue through which Fourth Amendment rights apply to state actors. Accordingly, the failure to mention the Fourteenth Amendment in a complaint does not undermine the validity of the substantive claim, nor justify dismissal where the plaintiffs can prove a set of facts in support of their claim. Cf. Conley, 355 U.S. at 45-46.
 
 
 21
 In the Fourth Circuit, it is well-established that a complaint should not be dismissed if it alleges facts that clearly show jurisdiction exists. In Provident Life & Accident Ins. Co. v. Waller, 906 F.2d 985, 988 (4th Cir.), cert. denied, 498 U.S. 982 (1990), we recognized that "it is well settled that courts may excuse pleading defects if the facts alleged in the complaint and the relief requested demonstrate the existence of a substantial federal question." See Blue v. Craig, 505 F.2d 830, 844 (4th Cir. 1974) ("[I]f the facts giving the court jurisdiction are set forth in the complaint, the provision conferring jurisdiction need not be specifically pleaded.") (quoting Williams v. United States, 405 F.2d 951, 954 (9th Cir. 1969)). We believe that the facts alleged in the Enweremadus' complaint demonstrate that a federal question is involved.
 
 
 22
 Consequently, the police officers' motion for a dismissal under Fed. R. Civ. P. 12(b)(6) should have been denied, and the Enweremadus' complaint should be reinstated. The pendent state claims should follow for the applicable rules of law will doubtless be properly dealt with at the appropriate time.
 
 
 23
 Accordingly, the judgment of the district court is
 
 
 24
 REVERSED.
 
 LUTTIG, Circuit Judge, dissenting:
 
 25
 The court holds today by unpublished opinion that an experienced district judge abused his discretion in dismissing a complaint under 42 U.S.C. Sec. 1983 filed by counseled plaintiffs which, even after an opportunity to amend had been provided, alleged that local police officers violated a plaintiff's Fourth Amendment rights. In so holding, the majority not only disregards both parties' arguments (not even the appellants brought such a claim to this court), it misconstrues the scope of the liberal pleading standards of the Federal Rules of Civil Procedure and ignores one of the most elementary principles of constitutional law-that no cause of action under the Fourth Amendment exists against state and local officials.
 
 
 26
 The district court lacked both jurisdiction over and the power to afford relief on appellants' complaint because it failed to allege a nonfrivolous federal cause of action. As a consequence, the court had no choice under law but to dismiss the complaint under Fed. R. Civ. P. 12(b). I would summarily affirm that dismissal, as well as the court's decision to do so with prejudice.
 
 I.
 
 27
 The relevant facts of this appeal bear repeating. On October 17, 1991, the Enweremadus, through their counsel, Sa'ad El-Amin, Esq., filed a complaint in the district court against appellees, who are local police officers. The Enweremadus averred in the jurisdictional section of their complaint that the action arose "under the provisions of the First and Fourth Amendments to the United States Constitution" and under 42 U.S.C. Secs. 1983 and 1988. They asserted that the court had jurisdiction over appellants' federal claims under 28 U.S.C. Sec. 1343. J.A. at 2. The complaint, however, did not reference the Fourteenth Amendment.
 
 
 28
 On April 6, 1992, appellees moved to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), on the ground that, because the First and Fourth Amendments do not apply to local officials, "an allegation that a local official has violated the First or Fourth Amendment to the United States Constitution states no claim upon which relief can be granted under 42 U.S.C. Sec. 1983." Id. at 12. Appellees argued that, since the Enweremadus alleged only that the officers had abridged their First and Fourth Amendment rights, they had not set forth a federal claim, and "[i]n the absence of a federal cause of action, the Court has no jurisdiction under 28 U.S.C. Sec. 1343." Id. at 13.
 
 
 29
 Mr. El-Amin responded in a formal brief, asserting that he was fully aware of the doctrine of selective incorporation, "which enforcesFirst and Fourth Amendment Rights against State officials pursuant to the Fourteenth Amendment." He did not, however, move to amend the complaint. Id. at 33. The officers' reply brief, dated April 22, 1992, warned the Enweremadus and Mr. El-Amin that they had "completely misse[d] the point" and reiterated that the jurisdictional defect in appellants' complaint was that it "alleged no violation of [their] rights under the Fourteenth Amendment." Id .
 
 
 30
 On May 13, 1992, after providing appellants every opportunity to amend their complaint, the district court dismissed their federal claims with prejudice, and their state claims without prejudice. It thereafter denied Mr. El-Amin's motions to alter and amend judgment, for relief from judgment, and for leave to file an amended complaint that alleged violations of appellants' Fourteenth Amendment rights. Although sympathizing with the Enweremadus for having to suffer for the "serious and obvious" errors and "extreme carelessness" of their "experienced counsel,"[1] the court held that appellants had presented no legal theory and advanced no explanation of their attorney's conduct under which it could disturb its earlier decision. Id. at 68-70. This appeal followed.
 
 II.
 
 31
 The majority holds on the aforementioned facts that the district court abused its discretion in dismissing the Enweremadus' complaint. Underlying the court's holding is its fundamentally mistaken belief that the Enweremadus' complaint states a cause of action under the Fourth, even if not under the Fourteenth, Amendment, and thus that they satisfied the requirement of section 1983 that the plaintiff allege a deprivation of a federal right. The court's remarkable conclusion is worthy of quotation: "The events described in the Enweremadus' complaint, if accepted as true, adequately state a Fourth Amendment claim even without express reference to the Fourteenth Amendment." See ante at 6; see also id. at note 1 (setting forth pleading requirements for section 1983). This, of course, is simply incorrect. The Enweremadus' complaint does not state a Fourth Amendment claim, because the actions of which they complain are those of state officials, and the Fourth Amendment does not provide a cause of action against such officials.
 
 
 32
 The majority's fundamental misconception of the nature and interrelationship of the Fourth and Fourteenth Amendments, which appears attributable to its confusion over the fact that Fourth Amendment standards govern Fourteenth Amendment analysis, see, e.g., ante at 6-7, causes it, in turn, to misperceive this case as one about the factual sufficiency of pleadings, when instead it is about jurisdiction and the limits on judicial power. As appellees observe, "[n]o one disputes that appellants here have alleged sufficient facts to support recovery for a constitutional violation." Appellees' Br. at 5 n.4 (emphasis added). Thus, the only issue before the court, as appellees argued below, is whether dismissal was required under Rules 12(b)(1) or 12(b)(6) because the Enweremadus' failure to allege a cause of action under the Fourteenth Amendment left the district court without either the jurisdiction to entertain appellants' claims or the power to afford them relief on those claims.[2]
 
 
 33
 The majority's reliance on Conley v. Gibson, 355 U.S. 41 (1957), is, for the same reason, misplaced. In Conley, the Supreme Court faced contentions that Rule 12(b)(6) dismissal was warranted on two separate grounds: that racial discrimination in collective bargaining representation was not actionable under the Railway Labor Act, and that the plaintiffs' complaint failed to set out specific facts to support their claim of discrimination. Id. at 45-47. The Court rejected the first contention based on its precedent, and the second because "the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim," but may instead be satisfied by a short, plain statement of the claim. Id. at 47.
 
 
 34
 Conley does not address the question of whether Rule 12(b)(6) dismissal is appropriate when relief cannot be granted because the complaint urges recovery on the basis of a nonexistent federal cause of action. Nor does that case address the circumstances under which Rule 12(b)(1) dismissals are appropriate because of the frivolousness of a putative federal cause of action. That case addresses only the circumstances under which Rule 12(b)(6) dismissal is appropriate on the ground that the plaintiff failed to allege sufficiently the facts supporting an undisputed federal cause of action. See id. at 45-46 ("[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." (emphases added)). Conley, in other words, teaches only that a court determining whether a complaint sets forth the material elements of a claim should liberally construe the facts alleged in support of a cognizable federal cause of action; it in no respect relieves plaintiffs of their obligation to assert a claim cognizable within the jurisdiction of the district court and upon which the court can grant relief. See, e.g., Leimer v. State Mut. Life Assur. Co., 108 F.2d 302, 305 (8th Cir. 1940) (cited with approval in Conley, 355 U.S. at 46 n.5) (Federal Rules of Civil Procedure "require that a complaint shall contain ... the necessary jurisdictional averments" in addition to " 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " (emphasis added) (quoting Fed. R. Civ. P. 8(a)(2))).[3] Perhaps, as the majority asserts, this case does turn on a technicality, but the statutory and constitutional requirements and limitations of federal jurisdiction and power are not the sort of technicalities that we are free to ignore. Neither are the fundamental principles governing the Fourteenth Amendment's relationship to the Bill of Rights. The Fourteenth Amendment is not "merely the avenue through which Fourth Amendment rights apply to state actors," as the majority suggests. Ante at 7 (emphasis added). Through the doctrine of selective incorporation of the Bill of Rights into the Fourteenth Amendment's due process clause, that Amendment is the source of any substantive rights susceptible to vindication through section 1983 that the Enweremadus had against the state appellees.[4] If, as the majority seems to believe, the Fourth Amendment independently represented a source of substantive rights against appellees, incorporation of the Fourth Amendment as against the States would never have been necessary. Therefore, because appellants failed to allege a violation of their Fourteenth Amendment rights, the district court had no jurisdiction to hear the case, no power to afford relief, and therefore no choice but to dismiss the Enweremadus' complaint.[5]
 
 
 35
 Significantly, not even appellants contend otherwise. Although the court frames appellants' argument to be "that dismissal of their suit was inappropriate where the only reason cited by the district court was their failure to reference the Fourteenth Amendment in an otherwise sufficient complaint," ante at 4, this is not appellants' argument. And no doubt they will be surprised to learn that such an argument, which would be tantamount to a reaffirmation of the very error they committed below, has been ascribed to them.[6] Rather, appellants effectively (and candidly) admit that dismissal for failure to allege a violation of the Fourteenth Amendment was proper. Their only contention, both in their brief and at argument, is that the district court "abused its discretion in dismissing the # AD8E # 1983 claims] with prejudice." Appellants' Br. at 8 (emphasis added); id. (Because failure to allege violation of the Fourteenth Amendment could easily have been cured, "dismissal with prejudice was an abuse of the court's discretion."); see also id. at 1-2.
 
 III.
 
 36
 The result in this case that is dictated by law may seem harsh on appellants. Indeed, the driving force behind the court's decision appears to be its sense that it would be "unfair" if Virginia Enweremadu and her children, who have alleged unlawful mistreatment at the hands of Officer Reichlin and his unknown companions, were to be deprived of their opportunity for redress as a result of the errors and incompetence of their attorney.[7] See ante at 6 (quoting Fed. R. Civ. P. 8(f)). To the extent that the facts alleged in the complaint are true, I share the majority's solicitude for the Enweremadus, but my sympathy does not extend so far as to allow me to disregard what I understand to be the law. Jurisdictional requirements and limitations on the judicial power must be respected, and dismissal in this case works no more "unfairness" than it does in similar contexts.
 
 
 37
 For example, in Mallas v. United States, No. 92-1982 (4th Cir. May 20, 1993), this court, relying on Torres v. Oakland Scavenger Co., 487 U.S. 312 (1988), dismissed for lack of appellate jurisdiction four out of the five plaintiffs who had sought to appeal because their attorney had failed to list them specifically in the notice of appeal, instead listing only the first appellant followed by the commonly used Latin phrase "et al." Because Fed. R. App. P. 3(c) provides that "[t]he notice of appeal shall specify the party or parties taking the appeal," and because the Supreme Court held in Torres that "et al." does not satisfy the rule's specificity requirement, we held that we had obtained jurisdiction only "over the only party specified as an appellant in the notice of appeal." Mallas, slip op. at 8. Had the attorney for the dismissed plaintiffs in Mallas specifically named them in the notice of appeal, his clients would have prevailed under this court's decision on the merits.
 
 
 38
 And, of course, an untold number of otherwise viable claims are barred on jurisdictional grounds every day because of an attorney's failure to file a complaint within the applicable statute of limitations. In fact, by missing filing deadlines, by forgetting elementary procedural rules, by making strategic errors at trial, or by otherwise intentionally or inadvertently committing what subsequently are revealed to be mistakes, lawyers regrettably lose winnable cases for their clients every day. That is a risk that, in the interests of both order and finality, our legal system generally requires the client to bear. In some instances, the client may have legal recourse against his attorney in the form of a malpractice suit. In no case, however, should, or in my view, can, a court gratuitously offer litigants relief from their counsel's errors by ignoring statutory and constitutional constraints imposed upon the judicial power.
 
 IV.
 
 39
 The Supreme Court has repeatedly observed that, to a large extent, "the party who brings a suit is master to decide what law he will rely upon and therefore does determine whether he will bring a 'suit arising under' the ... [Constitution or laws] of the United States...." The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913); see also Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 22 (1983) (quoting this Kohler Die language with approval). Here, the Enweremadus did not state on the face of their complaint a nonfrivolous cause of action under federal law. Accordingly, the district court not only lacked jurisdiction over the complaint, it lacked the power-under any facts they might allege-to afford the Enweremadus relief on their complaint. The district court had no choice but to dismiss the case. Because the majority concludes that the district court erred merely by following the law and affecting the required dismissal, I respectfully dissent.
 
 
 
 *
 In order to state a cause of action under 42 U.S.C. Sec. 1983, a plaintiff must allege that (1) the defendant deprived her of a federal right and (2) that the defendant did so while acting under color of state law. See Gomez v. Toledo, 446 U.S. 635, 640 (1980). The Enweremadus adequately alleged both components
 
 
 [1]
 As the district court correctly observed, Mr. El-Amin was not a novice in the practice of law. He was admitted to the bar in 1969. He is a seasoned civil rights and criminal defense lawyer who has argued over fifteen cases before this court in the last decade
 
 
 [2]
 Although the differences between Rules 12(b)(1) and 12(b)(6) are often significant, in this context they are of little, if any, practical importance, and dismissal was required under both rules. Because appellants' claim of a Fourth Amendment violation was patently frivolous, the court had no jurisdiction over the complaint. See Bell v. Hood, 327 U.S. 678, 681-83 (1946). By the same token, because the complaint was not based upon an existent federal cause of action, it also was not one upon which relief could be granted
 
 
 [3]
 The majority relies upon Provident Life & Accident Ins. Co. v. Waller, 906 F.2d 985 (4th Cir. 1990), cert. denied, 498 U.S. 982 (1990), and Blue v. Craig, 505 F.2d 830 (4th Cir. 1974), for its conclusion that the district court abused its discretion in dismissing the Enweremadus' suit. Neither case suggests an abuse of discretion by the district court. The court created in Provident Life the very federal common law cause of action upon which it concluded that federal jurisdiction rested. The plaintiff, therefore, previously had no reason to believe that such a cause of action even existed. In Blue, the plaintiff specifically pleaded, by citation to the relevant statute, a proper cause of action. 505 F.2d at 834. In dicta, the court observed that the plaintiff also had an alternative ground for possible recovery under the Supremacy Clause of the Constitution. As to this ground, however, the plaintiff specifically pleaded the jurisdictional fact that gave rise to the federal cause of action, namely, that the state regulation conflicted with the federal statute. Id. at 844
 Thus, that court had no occasion even to address the question presented sub judice.
 Here, in contrast, the Enweremadus pled a specific cause of action that, at law, does not exist. In this context, even assuming it would have been error to dismiss the complaint without providing an opportunity to amend, see id., it certainly was not an abuse of discretion to dismiss the case after having given the plaintiffs ample opportunity to amend, as did the district court.
 
 
 [4]
 See, e.g., Wallace v. Jaffree, 472 U.S. 38, 49 (1985) (relationship of Fourteenth and First Amendments); Baker v. McCollan, 443 U.S. 137, 141-42 (1979) (relationship of Fourteenth and Fourth Amendments). Graham v. Connor, 490 U.S. 386 (1989), cited by the majority, is not to the contrary. There, in a case involving a claim of excessive use of force made against local police officers, the Supreme Court held that all excessive force claims are to be analyzed under the Fourth Amendment's "reasonableness" standard. The Fourth Amendment was not the source of the right allegedly infringed upon by the officers, however; the Court explicitly noted that the plaintiff had alleged that the officers' excessive use of force had violated "rights secured to him under the Fourteenth Amendment to the United States Constitution." Id. at 390 (internal quotation omitted) (emphasis added)
 
 
 [5]
 The complaint did not meet the requirements set forth in Federal Rule of Civil Procedure 8, as the majority asserts, see ante at 6 n.*. Not only was its jurisdictional statement defective, see Fed. R. Civ. P. 8(a)(1), but the complaint also did not show that the Enweremadus were entitled to relief in federal court, as required by Fed. R. Civ. P. 8(a)(2)
 
 
 [6]
 If the court had addressed instead the argument made by the appellants, presumably it would have had to affirm the district court's decision to dismiss with prejudice because, as the majority itself notes, ante at 4, the statute of limitations had already run on the Enweremadus' section 1983 claims by the time the district court dismissed the complaint. I would not hesitate to affirm the district court's decision to dismiss with prejudice on this ground or on the alternative ground of the inexplicable, inexcusable, and, suggest appellees, even arrogant, failure of Mr. ElAmin to amend the complaint, despite repeated promptings to do so from appellees and the district court
 
 
 [7]
 I am puzzled by the majority's insistence that Mr. El-Amin's persistent refusal to plead the Fourteenth Amendment in a section 1983 suit against local police officers "does not appear even to rise to the level of misstep," despite repeated warnings that this failure would be jurisdictionally fatal to the Enweremadus' action. See ante at 7. In my view, had we affirmed the district court, the Enweremadus would have had a viable malpractice claim against their lawyer, who, interestingly, was only recently found by this court to be guilty of an"inexcusable breach of professional conduct." Doyle v. Murray, 938 F.2d 33, 35 (4th Cir. 1991). In any event, Mr. El-Amin is today the beneficiary of judicial largesse, and any effort by his defenders to cloak that fact in an assertion that his service to his clients in this matter was anything but indefensible would be unwarranted