2 F.3d 1149
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wallace L. CURRY, Plaintiff-Appellant,
v.
Lieutenant FARMER; Sergeant Linville; Nurse Nixon; Albert
C. Blackburn, Sergeant; Larry McCorn; Billy
Hatfield, Defendants-Appellees,
and
Virginia Adult Services Department of Corrections,
Defendant.
 No. 93-6410.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: July 9, 1993.
Decided: August 18, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk. Rebecca B. Smith, District Judge. (CA-93-295-2)
 Wallace L. Curry, Appellant Pro Se.
 E.D.Va.
 AFFIRMED.
 Before HALL, MURNAGHAN, and WILKINS, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Wallace L. Curry appeals from the district court's order denying relief under 42 U.S.C. Sec. 1983 (1988). Our review of the record and the district court's opinion discloses that this appeal is without merit.* Accordingly, we modify the dismissal to a dismissal with prejudice and affirm the district court's dismissal of this case. Curry v. Virginia Adult Services, No. CA-93-295-2 (E.D. Va. Apr. 7, 1993). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED AS MODIFIED
 
 
 *We note that the district court abused its discretion in dismissing Curry's action against Defendants Blackburn, McCorn, and Hatfield for failure to comply with a court order without first considering the fourfactor test enunciated in Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991).
 However, we find that dismissal was the appropriate result, given that Curry could not state a Sec. 1983 cause of action against those Defendants. According to Curry's original complaint, filed in January 1993, the last assault allegedly inflicted by Blackburn occurred in 1990, after the expiration of the Virginia two-year statute of limitations for personal injuries. Burnett v. Grattan, 468 U.S. 42 (1984) (state statutes of limitations are applicable to Sec. 1983 actions); Va. Code Ann.Sec. 8.01-243(A) (Michie 1992). Curry's claims against fellow inmates McCorn and Hatfield are not cognizable under Sec. 1983 because of the absence of an allegation of actions under color of state law or in conjunction with state actors. Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982); Dennis v. Sparks, 449 U.S. 24, 27 (1980). Our consideration of the merits of Curry's claims against these Defendants requires modification of the district court's dismissal to a dismissal with prejudice.