**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

WILLIAM P. WARD,
Plaintiff-Appellant,

v.

THE MEN'S WAREHOUSE,
INCORPORATED,
Defendant-Appellee.

No. 98-2590

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Alexander Harvey II, Senior District Judge.
(CA-98-1291-H)

Submitted: February 2, 1999

Decided: April 21, 1999

Before WILKINS, MICHAEL, and KING, Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

William P. Ward, Appellant Pro Se. Sidney Gordon Leech, Jennifer
Lilore Huesman, GOODELL, DEVRIES, LEECH & GRAY, L.L.P.,
Baltimore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

William P. Ward appeals the district court's order that dismissed his employment discrimination action with prejudice, purportedly under Fed. R. Civ. P. 41(a)(2). It appears from the context of the court's order, however, that it likely intended to dismiss Ward's action pursuant to Fed. R. Civ. P. 41(b). See Ward v. Men's Warehouse, Inc., No. CA-98-1291-H (D. Md. Sept. 22, 1998).

Because of the severity of a dismissal with prejudice under Rule 41(b), district courts must balance four factors in determining whether such dismissals are appropriate:

> (1) the degree of personal responsibility of the plaintiff, (2) the amount of prejudice caused the defendant, (3) the existence of a drawn out history of deliberately proceeding in a dilatory fashion, and (4) the existence of sanctions less drastic than dismissal.

Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991) (internal quotation marks omitted). Although the district court stated in this case that it dismissed Ward's action for failure to respond to discovery and failure to comply with a court order, the record is silent as to whether the district court considered the above factors in dismissing Ward's action with prejudice. Thus, we have no basis to evaluate whether the district court considered all relevant factors before it acted.

Accordingly, we vacate the dismissal of Ward's action with prejudice. Assuming that the district court intended to exercise its authority under Rule 41(b), we remand so that it may apply the above four-part analysis in determining whether dismissal with prejudice was appropriate. If the court intended to dismiss Ward's action based upon another rule, we direct that the court clarify its reasoning. We express no opinion as to whether dismissal with prejudice is appropriate under any analysis, as the district court is in the best position to make this determination in the first instance. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED