**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

JAMES H. TYLER,
                    *Plaintiff-Appellant,*

v.

PRINCE GEORGE'S COUNTY,
MARYLAND,
                    *Defendant-Appellee,*

and

PRINCE GEORGE'S COUNTY
DEPARTMENT OF CORRECTIONS,
                    *Defendant.*

No. 01-1322

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Marvin J. Garbis, District Judge.
(CA-99-2706-MJG)

Submitted: July 26, 2001

Decided: August 6, 2001

Before WIDENER and WILLIAMS, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

James H. Tyler, Appellant Pro Se. Shalisha Hines Ivy, COUNTY
ATTORNEY'S OFFICE, Upper Malboro, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

James Tyler appeals the district court's order dismissing with prejudice his action raising employment discrimination claims under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. §§ 2000e to 2000e-17 (West 1994 & Supp. 2000), and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. §§ 621-634 (West 1999 & Supp. 2000). The action was dismissed for failure to comply with a court order directing a response to a motion for summary judgment. We affirm on an alternate ground.

As an initial matter, the district court did not warn Tyler of its intention to dismiss the action, nor was there any evidence that Tyler's counsel had a history of proceeding in a dilatory fashion. Rather, the failure to comply with the court's order to respond to the motion for summary judgment was a single, isolated incident. Moreover, there is not suggestion on the record that the court considered a less drastic sanction than dismissal. These facts, combined with the potential unfairness in penalizing Tyler for his counsel's misconduct, suggests that the district court may have exceeded its discretion in dismissing Tyler's claims. *See Doyle v. Murray*, 938 F.2d 33 (4th Cir. 1991); *Hillig v. Commissioner, Internal Revenue*, 916 F.2d 171 (4th Cir. 1990); *Andes v. Versant Corp.*, 788 F.2d 1033 (4th Cir. 1986); *McCargo v. Hedrick*, 545 F.2d 393 (4th Cir. 1976). We nevertheless affirm the district court's denial of relief on the alternate ground that summary judgment was appropriate against Tyler.

"When a motion for summary judgment is made . . ., an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against

the adverse party." Fed. R. Civ. P. 56(e). Tyler did not respond to the County's motion for summary judgment, which was supported by affidavits and other evidence. We have reviewed the entire record and found no evidence that tends to support the conclusory allegations of unlawful discrimination contained in Tyler's complaint. Thus, summary judgment against Tyler was proper.

Accordingly, we affirm the district court's order denying relief on Tyler's discrimination claims. We dispense with oral argument because the facts and legal contentions are adequately represented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*