UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

JOHN B. KIMBLE,
          *Plaintiff-Appellant,*

v.

STATE OF MARYLAND; STATE OF
MARYLAND ADMINISTRATIVE ELECTION
BOARD; NANCY KOPP, in her official
capacity as Secretary of State;
PARRIS N. GLENDENING, Governor of
the State of Maryland,
          *Defendants-Appellees,*

and

JOHN WILLIS, Secretary of State,
          *Defendant.*

No. 02-2395

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Andre M. Davis, District Judge.
(CA-02-2984-AMD)

Submitted: November 26, 2003

Decided: December 12, 2003

Before TRAXLER, GREGORY, and DUNCAN, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

## COUNSEL

John B. Kimble, Appellant Pro Se. Steven Marshall Sullivan,
OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Balti-

more, Maryland; Robert Anthony Zarnoch, Assistant Attorney General, Kathryn Michele Rowe, OFFICE OF THE ATTORNEY GENERAL OF MARYLAND, Annapolis, Maryland, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

John Kimble appeals the district court's order dismissing his civil action for failure to comply with Fed. R. Civ. P. 8(a)(2). Kimble asserts on appeal that the district court erred in dismissing his complaint for failure to comply with Rule 8 because he alleges that his complaint stated a claim of racial gerrymandering. Although Kimble's amended complaint did not comply with the district court's instruction to set forth a short and plain statement of his claim and was not a model of clarity, it was adequate to inform Defendants of the nature of Kimble's racial gerrymandering claim and the factual basis for that claim. Such is all that is required under Fed. R. Civ. P. 8. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002); *see also Duckworth v. State Admin. Bd. of Election Laws*, 332 F.3d 769, 776 (4th Cir. 2003) (noting that under *Shaw v. Reno*, 509 U.S. 630 (1993), "courts could adjudge a district's general appearance 'bizarre' in racial gerrymandering cases and from such bizarreness infer discriminatory *racial* effect"). We also note that the district court did not warn Kimble of the consequences of his failure to comply with the court's order. *See Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 471-72 (4th Cir. 1993); *cf. Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991) (discussing factors to consider in evaluating involuntary dismissal under Fed. R. Civ. P. 41(b), for failure to comply with court order). Accordingly, we vacate the district court's dismissal order and remand for further proceedings.* We dispense with

*We express no opinion about the merits of Kimble's claim.

oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*VACATED AND REMANDED*