**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 08-2012**

UNITED STATES OF AMERICA ex rel. PETER C. CURNIN,

Plaintiff - Appellant,

v.

BALD HEAD ISLAND LIMITED, a Texas limited partnership; MARK
D. MITCHELL, general partner; MICHAEL K. MITCHELL, general
partner,

Defendants - Appellees.

Appeal from the United States District Court for the Eastern
District of North Carolina, at Wilmington.  James C. Fox, Senior
District Judge.  (7:03-cv-00174-F)

Submitted:  March 26, 2009              Decided:  May 21, 2009

Before MICHAEL, KING, and SHEDD, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Frank X. Moore, FRANK X. MOORE & ASSOCIATES, Atlanta, Georgia,
for Appellant.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Peter C. Curnin appeals the district court's order dismissing with prejudice,[*] for failure to prosecute, his action brought on behalf of the United States under the qui tam provisions of the civil False Claims Act, 31 U.S.C. §§ 3729-3733 (2006). Although the district court cited no authority for its order, it appears that it intended to dismiss Curnin's action pursuant to Fed. R. Civ. P. 41(b).

A district court has the inherent authority to dismiss a case for failure to prosecute, and Rule 41(b) "provides an explicit basis for this sanction." Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991). Because dismissal is a severe sanction, the district court must exercise this power with restraint, balancing the need to prevent delays with the sound public policy of deciding cases on their merits. Dove v. CODESCO, 569 F.2d 807, 810 (4th Cir. 1978) (citing Reizakis v. Loy, 490 F.2d 1132, 1135 (4th Cir. 1974)). This Circuit therefore requires a trial court to consider four factors before dismissing a case for failure to prosecute: "(1) the plaintiff's degree of personal responsibility; (2) the amount of prejudice caused the

---

[*] Because the district court did not specify whether the dismissal was without prejudice, and because the dismissal was not based upon lack of jurisdiction, improper venue, or failure to join a party, the dismissal is with prejudice. Fed. R. Civ. P. 41(b).

defendant; (3) the presence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal." Hillig v. Comm'r of Internal Revenue, 916 F.2d 171, 174 (4th Cir. 1990).

Although the district court stated that it dismissed Curnin's action for failure to request issuance of summons or to serve the Defendants within a reasonable amount of time, the record is silent as to whether the district court considered the above factors in dismissing the action with prejudice. Thus, we have no basis for assessing the district court's ruling.

Accordingly, we vacate the dismissal. We remand so that, assuming the district court intended to exercise its authority under Rule 41(b), the court may apply the appropriate four-part analysis in determining whether dismissal with prejudice is appropriate. If the court intended to dismiss Curnin's action on another ground, we direct that the court clarify its reasoning. We express no opinion as to whether dismissal with prejudice is appropriate under any analysis, as the district court is in the best position to make this determination in the first instance. We deny Curnin's motion to seal as moot. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials

before the court and argument would not aid the decisional process.

VACATED AND REMANDED