**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 14-6437**

_____

TIARA S. BAILEY,

                    Plaintiff - Appellant,

          v.

A. EDWARDS, RN/Nurse; ORDIEN, OBGYN/Doctor; UNKNOWN, C.W.,
RN/Nurse,

                    Defendants - Appellees.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Richmond.  Robert E. Payne, Senior
District Judge.  (3:13-cv-00739-REP)

_____

Submitted:  May 22, 2014                Decided:  May 29, 2014

_____

Before TRAXLER, Chief Judge, and HAMILTON and DAVIS, Senior
Circuit Judges.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

Tiara S. Bailey, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Tiara Bailey appeals the district court's order dismissing without prejudice her 42 U.S.C. § 1983 (2006) complaint for failure to prosecute, after she failed to comply with a court order requiring her to return a consent to collection of fees form or to pay the statutory filing fee. We vacate the order and remand for further proceedings.

A plaintiff's failure to comply with a court order may warrant involuntary dismissal of the action. Fed. R. Civ. P. 41(b). We review for abuse of discretion a district court's dismissal for failure to prosecute. Ballard v. Carlson, 882 F.2d 93, 95 (4th Cir. 1989).

Prior to dismissing a case for failure to prosecute, a district court must consider the following factors: (1) the plaintiff's degree of personal responsibility; (2) prejudice to the defendant; (3) whether plaintiff has a "drawn out history of deliberately proceeding in a dilatory fashion"; and (4) the existence of less drastic sanctions. Doyle v. Murray, 938 F.2d 33, 34 (4th Cir. 1991). Rigid application of these factors is unnecessary if the district court provided an "explicit and clear" warning that the failure to comply with the order would result in dismissal of the case, Choice Hotels Int'l, Inc. v. Goodwin & Boone, 11 F.3d 469, 471-72 (4th Cir. 1993), but the

2

propriety of such a dismissal "depends on the particular circumstances of the case." Ballard, 882 F.2d at 95-96.

Bailey asserts that the consent to collection of fees form was not enclosed with the court's order directing its completion, and she promptly completed and returned the in forma pauperis affidavit that she did receive. Based on Bailey's contentions and the current record, it is unclear whether Bailey received a complete packet and plain notice of her obligations for complying with the court's order. Applying the relevant factors, Bailey may not have been personally responsible for her noncompliance; defendants, who have not been served, can show no prejudice; Bailey has no history of dilatory litigation; and Bailey could be barred by the applicable statute of limitations from refiling her claim. Therefore, we conclude that the district court abused its discretion in summarily dismissing her complaint under Rule 41(b).

Accordingly, we vacate the district court's order and remand to allow Bailey an opportunity to comply with the court's fee procedure. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

VACATED AND REMANDED

3