**PEOPLE OF THE VIRGIN ISLANDS, Plaintiff**
**v.**
**LAURENCE LAURENCIN, Defendant**

SX-06-CR-419

Superior Court of the Virgin Islands

Division of St. Croix

May 31, 2007

NOLAN PAIGE, ESQ., Department of Justice, Christiansted, VI, *Attorney for Plaintiff.*

MARTIAL A. WEBSTER, ESQ., St. Croix, VI, *Attorney for Defendant.*

D'ERAMO, *Judge*

## MEMORANDUM OPINION AND ORDER

(May 31, 2007)

THIS MATTER came before the Court on an Order to Show Cause on May 16, 2007.[1]

---

[1]     The matter was originally set for hearing on May 18, 2007, but went forward on May 16 by consent of the parties.

This matter had previously come before the Court for Jury Selection and Trial on April 10, 2007, a date which was set at Calendar Call on March 12, 2007, and by Order dated March 20, 2007.

At Jury Selection on April 10, 2007, the People appeared through counsel and indicated their readiness to proceed. Defendant appeared personally. Defendant's counsel, Martial Webster, Esq., however, did not appear, instead filing a Motion to Continue on the day of jury selection indicating that he was attending a jury selection and trial in District Court. The Court called this case and decided that it would not order Defendant to proceed in the absence of his counsel. The People renewed a Motion for Bench Trial originally filed on September 26, 2006, which was granted by Order dated May 7, 2007. The case was voluntarily dismissed by the People on May 11, 2007. A hearing was set for May 16, 2007, for Attorney Webster to show cause for his failure to appear at Jury Selection.

At the Show Cause Hearing, Attorney Martial Webster explained that he did not appear at Jury Selection because he had to attend jury selection and trial in the District Court. He indicated that, after conversations with counsel for the People, he had expected that the matter would be dismissed or that the Motion for Bench Trial would be granted. He further indicated that he could not file a Motion to Continue earlier because the Court was closed as of the preceding Thursday for the Easter holidays.

■ The Court does not find any of these proffered reasons to excuse Attorney Webster from attending jury selection or, in the alternative, from filing a motion for continuance prior to the morning of jury selection. It is obvious that he knew when his District Court matter was scheduled for jury selection and trial in advance of the preceding Thursday. What makes the matter particularly disturbing is that on March 19, 2007, this Court admonished Attorney Webster about similar conduct at show cause hearings in two other matters, *People v. Rudolph Aaron*, SX-06-CR-468, and *People v. Elton Stanley*, SX-05-CR-411.

*Aaron* and *Stanley* were cases scheduled for jury selection and trial before this Court on Monday, March 5, 2007. Attorney Webster was defense counsel in both these cases. In advance of jury selection, the undersigned's chambers attempted to contact the attorneys for the parties to determine the status of the cases. Several messages were left with Attorney Webster's office beginning on February 28. On March 2, the

Friday preceding the Monday jury selection, Attorney Webster called and advised a law clerk to the Undersigned that he was in a trial at the District Court that probably would continue into Monday. He did not file any writing to this effect with the Court. The Court set show cause hearings for all counsel in both cases.[2] At those hearings, the Court admonished counsel to file appropriate motions in advance if scheduling conflicts existed, but took no further action against them. Apparently, the Court's admonition made no impression.

It is not the Court's task to keep track of Attorney Webster's schedule. The Court is willing to accommodate, within reason, lawyers who are scheduled to make appearances in the District Court, but it is up to the lawyers to file appropriate motions advising the Court of conflicts far enough in advance for the Court to have the opportunity to make a reasoned decision and appropriate accommodations. In the instant case, Attorney Webster's failure to appear or file a motion in advance of jury selection did not give the Court that opportunity to make a reasoned decision, and simply presented his non-attendance as a *fait accompli*.

This Court's St. Croix District has over 2,500 criminal and civil matters before it waiting for trial. The Court cannot effectively move these matters to resolution if the attorneys that practice before it are at liberty to unilaterally determine whether they will attend scheduled hearings and trials.

Therefore, the Court will sanction Attorney Martial Webster pursuant to 4 V.I.C. § 243.[3] The cost to the Court of summoning a jury panel is

---

[2]   The government was also not prepared to go forward because, due to restructuring in the Attorney General's office, the attorney to whom the case was assigned was in trial in St. Thomas. The government also did not provide written notice of this to the Court, or otherwise advise the Court until the Court inquired.

[3]   § 243. Incidental powers of courts

Every court shall have power:

(1)   To preserve and enforce order in its immediate presence;

(2)   To enforce order in the proceedings before it, or before a person or persons empowered to conduct a judicial investigation under its authority;

(3)   To provide for the orderly conduct of proceedings before it or its officers;

(4)   To compel obedience to its judgments, orders, and process, and to the orders of a judge out of court, in all actions, or proceedings pending therein;

(5)   To control in furtherance of justice, the conduct of its ministerial officers and other persons in any manner connected with a judicial proceeding before it in every matter appertaining thereto;

approximately $2,000.00. Since a jury in an unrelated matter was selected on April 10, 2007, it is hereby:

ORDERED that, within thirty (30) days of the entry of this Order, Attorney Webster pay a fine in the amount of One Thousand Dollars ($1,000.00), half the cost of summoning the April 10, 2007 jury panel.

---

(6) To compel the attendance of persons to testify in an action or proceeding pending therein;

(7) To administer oaths in an action or proceeding pending therein, and in all other cases where it may be necessary in the exercise of its powers or the performance of its duties; and

(8) To amend and control its process and orders so as to make them conformable to law and justice.