**AUBREY WALTERS, Appellant/Plaintiff**
**v.**
**ELVIRA WALTERS, Appellee/Defendant**

**IN RE: KENTH W. ROGERS, Petitioner**

**In the matter of the petition of: KENTH ROGERS, ESQUIRE, For reinstatement as a member of the Virgin Islands Bar**

S. Ct. Civ. Nos. 2010-0040, 2010-0080, S. Ct. BA. No. 2011-0159

Supreme Court of the Virgin Islands

March 16, 2012

471

KENTH W. ROGERS, ESQ., St. Thomas, USVI, *Pro se*.

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice*.

## OPINION OF THE COURT

(March 16, 2012)

PER CURIAM. These matters come before the Court due to the failure of Kenth W. Rogers, a member of the Virgin Islands Bar administratively suspended for non-compliance with continuing legal education requirements, to comply with multiple orders issued by this Court. For the following reasons, we find Rogers in contempt and impose monetary sanctions.

## I. BACKGROUND

### A. The *Walters v. Walters* Appeal

In *Walters v. Walters*, S. Ct. Civ. No. 2010-0040 — in which Rogers had entered an appearance on behalf of Appellant Aubrey Walters — the Clerk of this Court had issued a Scheduling Order on June 30, 2011, which set August 9, 2011 as the due date for Appellant's Brief and the Joint Appendix. On July 21, 2011, this Court suspended Rogers from the practice of law for his failure to comply with continuing legal education requirements for the 2008, 2009, and 2010 reporting periods. While suspended from the practice of law, Rogers filed a September 9, 2011 motion for extension of time on behalf of Aubrey, which this Court, in a September 12, 2011 Order, rejected because Rogers is no longer licensed to practice law in the Virgin Islands, and is thus unable to file any documents on behalf of a client in any matter. Moreover, the September

12, 2011 Order required Rogers to serve a copy of the September 12, 2011 Order on Aubrey — whose address the Clerk's Office does not have on file — so that Aubrey would be aware of Rogers's suspension and understand that he is deemed to be proceeding *pro se* until and unless Rogers is re-instated or a member of the Virgin Islands Bar enters a notice of appearance on his behalf. In addition, the September 12, 2011 Order informed Aubrey that the due date for his brief and the Joint Appendix had been extended to September 26, 2011 in order to provide him with an opportunity to prepare a *pro se* brief or secure substitute counsel.

Although both the September 15, 2011 deadline for Rogers to submit proof of service and the September 26, 2011 deadline for filing of Appellant's Brief and the Joint Appendix had passed, neither Rogers nor Aubrey filed any documents with this Court. Therefore, this Court, in an October 5, 2011 Order, required Rogers to show cause, in writing, as to why he should not be held in contempt of Court for failing to comply with the September 12, 2011 Order, and also required that he provide the Clerk of this Court with Aubrey's address, telephone number, and any other available contact information so that the Clerk's Office could serve Aubrey with the September 12, 2011 Order, October 5, 2011 Order, and any other orders entered while Aubrey is proceeding *pro se*. In addition, the October 5, 2011 Order advised Rogers that failure to respond to the October 5, 2011 Order or to provide the Clerk with Aubrey's contact information would result in this Court scheduling a show cause hearing. Rogers, however, neither filed a response to the October 5, 2011 Order or provided the Clerk with Aubrey's contact information.

## B. The *In re: Rogers* Mandamus Proceeding

In *In re: Rogers*, S. Ct. Civ. No. 2010-0080, Rogers had filed a *pro se* petition for writ of mandamus, but did not pay the required $105.00 docketing fee within the fourteen days mandated by Supreme Court Rule 3. In a March 8, 2011 Order, this Court mandated that Rogers pay the $105.00 docketing fee on or before March 22, 2011. Rogers, however, never paid the $105.00 docketing fee and otherwise did not respond to the March 8, 2011 Order. Therefore, this Court, in an April 8, 2011 Order, directed Rogers to pay the docketing fee on or before April 26, 2011. When Rogers failed to pay the docketing fee or otherwise file any documents, this Court, in a June 29, 2011 Order, required Rogers to pay the docketing fee by July 13, 2011 and also show cause as to why he

should not be held in contempt or otherwise sanctioned for failing to pay the docketing fee within the time mandated by Supreme Court Rule 3 and this Court's March 8, 2011 and April 8, 2011 Orders. In addition, the June 29, 2011 Order advised Rogers that failure to respond to the order would result in this Court scheduling a show cause hearing. Again, Rogers did not file proof of payment of the docketing fee, did not submit a written response, or otherwise file any documents with this Court.

### C. The *Petition of Rogers* Reinstatement Proceeding

Finally, in *Petition of Rogers*, S. Ct. BA. No. 2011-0159, Rogers had filed, on September 13, 2011, a motion for reinstatement to the Virgin Islands Bar, which contained numerous deficiencies, including a failure to pay the required $200.00 reinstatement fee. Thus, this Court, in a September 15, 2011 Order, required Rogers to correct these deficiencies by September 26, 2011, and stated that the Court would stay its ruling on the petition for reinstatement until all the deficiencies were corrected. More than three weeks after this deadline expired, Rogers filed a second motion for reinstatement. Notwithstanding its untimely filing, this Court reviewed the motion, but noted that Rogers had still not paid the required reinstatement fee. Therefore, this Court, in an October 24, 2011 Order, required Rogers to pay the reinstatement fee by October 31, 2011, and advised Rogers that failure to tender this payment by the due date would result in this Court requiring Rogers to show cause as to why he should not be held in contempt. Yet again, Rogers did not timely pay the $200.00 reinstatement fee or otherwise file any documents with the Court.

### D. The Show Cause Proceeding

On November 7, 2011, this Court issued an order requiring Rogers to personally appear before this Court on December 7, 2011 to address all these matters in a single show cause hearing. The very next day, Rogers paid the $200.00 reinstatement fee for the *Petition of Rogers* matter, but did not explain why he failed to pay the fee within the time mandated by the September 15, 2011 and October 24, 2011 Orders. Moreover, Rogers did not file proof of payment of the $105.00 docketing fee for *In re: Rogers*, nor the contact information and proof of service in the *Walters v. Walters* appeal.

At the December 7, 2011 hearing, Rogers did not address his failure to timely pay the $200.00 reinstatement fee, or his failure to comply with the

numerous orders entered in *In re: Rogers* and *Walters v. Walters*. Rather, Rogers solely contended that (1) he had paid the docketing fee in *In re: Rogers*, but the Clerk of the Superior Court never transmitted the information to this Court, and (2) he believed the September 15, 2011 Order in *Petition of Rogers* had stayed his suspension. Moreover, Rogers informed the Court that Aubrey was present in the courtroom and understood that he would proceed *pro se* with respect to the *Walters v. Walters* appeal. At the conclusion of the hearing, this Court granted Rogers's oral motion to file, within ten days, proof of payment of the docketing fee for *In re: Rogers*. Rogers, however, also failed to comply with this deadline, and — in addition — failed to comply with the mandatory electronic filing provisions of Supreme Court Rule 40. Ultimately, this Court, in a January 25, 2012 Order, accepted numerous documents that had been conventionally filed by Rogers on January 17, 2012, including various Superior Court payment receipts and Aubrey's mailing address.

## II. DISCUSSION

This Court possesses both the statutory and inherent authority to hold an individual in contempt for failure to comply with its orders. *See In re Burke*, 50 V.I. 346, 350-51 (V.I. 2008). "A party may be held in civil contempt for failure to comply with a court order if '(1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner.' "[1] *Id.* at 352

---

[1] As this Court has recently summarized,

> The key distinction between civil and criminal contempt is the court's purpose under-lying its exercise of the contempt power. If the court seeks to coerce someone to do something or to compensate a party, the contempt is typically considered civil in nature. On the other hand, if the court seeks to vindicate its own authority through punishment, it is considered criminal contempt. The distinction matters, for " '[c]riminal contempt is a crime in the ordinary sense,' and 'criminal penalties may not be imposed on someone who has not been afforded the protections that the Constitution requires of such criminal proceedings.' "

*In re: Rogers*, S.Ct. Civ. No. 2010-0093, 2012 V.I. Supreme LEXIS 12, at *16 (V.I. Feb. 27, 2012) (citations omitted). Here, at the time this Court issued its November 7, 2011 Show Cause Order, Rogers had failed to comply with numerous orders in all three matters, and the purpose of the contempt proceedings was to coerce compliance with those orders. Therefore, these contempt proceedings were civil, rather than criminal, in nature. *Id.*

(quoting *Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Tech., Inc.*, 369 F.3d 645, 655 (2d Cir. 2004)). Importantly, "[i]t need not be established that the violation was willful." *Id.*

■ Here, all three elements are clearly met with respect to Rogers's failure to comply with the orders entered in *Petition of Rogers*. The record clearly reflects that the September 15, 2011 and October 24, 2011 Orders entered in *Petition of Rogers* set specific deadlines for payment of the $200.00 reinstatement fee, yet Rogers failed to comply with either order and did not pay the $200.00 fee until the day after this Court issued its show cause order. Importantly, Rogers did not even mention his failure to timely pay the reinstatement fee at the December 7, 2011 hearing, let alone explain why he could not pay the fee by the deadlines established in either order.

■ Likewise, we find these elements are also satisfied as to the *Walters v. Walters* matter. At the show cause hearing, Rogers heavily emphasized that he believed that the September 15, 2011 Order in *Petition of Rogers* — which stayed consideration of his petition for reinstatement until he remedied numerous deficiencies, including his failure to pay the reinstatement fee — had stayed the underlying suspension itself and permitted him to resume the practice of law. First, we emphasize that the September 15, 2011 Order expressly states that the "Petition for Reinstatement is hereby **STAYED** until September 26, 2011 to allow Attorney Rogers an opportunity to address all deficiencies as outlined in this Order, failing which the instant petition will be dismissed," and thus we cannot comprehend how the September 15, 2011 Order could have reasonably been interpreted as staying the underlying suspension or otherwise permitting Rogers to resume his law practice. Moreover, even if Rogers had misinterpreted the September 15, 2011 Order in such a way, it is not clear how it could in any way excuse his conduct in the *Walters v. Walters* appeal, given that the September 15, 2011 Order in *Petition of Rogers* was entered almost a week after Rogers filed the September 9, 2011 motion for extension of time in *Walters v. Walters*, and a mere three days after this Court issued its September 12, 2011 Order denying that motion for the reason that Rogers was not licensed to practice law in the Virgin Islands.

But even more importantly, it is not the filing of the September 9, 2011 motion on behalf of a client while suspended from the practice of law that triggered the civil contempt proceedings in the *Walters v. Walters* appeal.

Rather, the November 7, 2011 Show Cause Order clearly advised Rogers that this Court was concerned with his failure to timely (1) serve the September 12, 2011 Order on Aubrey, as mandated by both the September 12, 2011 and October 5, 2011 Orders; and (2) provide the Clerk of the Supreme Court with Aubrey's contact information, as mandated by the October 5, 2011 Order. Even if Rogers believed that this Court erred when it held that Rogers could not file documents on behalf of Aubrey, it simply does not justify his decision to completely ignore both the September 12, 2011 and October 5, 2011 Orders. Instead, the proper course of action would have been to file a document with the Court explaining precisely why Rogers believed any prior decision should be vacated. *Cf. Burke*, 50 V.I. at 353-54. Had Rogers responded to the orders, any remaining questions with respect to Rogers's ability to practice law in the Virgin Islands could have been promptly addressed by this Court, and the processing of the *Walters v. Walters* appeal would not have been delayed for several months due to the inability of the Clerk's Office to serve any documents on Aubrey.

We also conclude that Rogers's actions with respect to the *In re: Rogers* mandamus proceeding warrants a civil contempt sanction. Upon reviewing the Superior Court payment receipts Rogers filed with this Court on January 17, 2012, it does appear that Rogers paid the $105.00 docketing fee at the Superior Court on March 28, 2011, but that the Clerk of the Superior Court never notified this Court that the payment had been tendered. However, the fact that Rogers ultimately paid the docketing fee on March 28, 2011 does not preclude a civil contempt finding. First, the docketing fee was still not paid in a timely manner, given that Supreme Court Rule 3 required payment of the fee within fourteen days of the filing of the mandamus petition — which had been filed on October 21, 2010 — and the March 8, 2011 Order required payment on or before March 22, 2011. Moreover, as this Court noted in its November 7, 2011 Show Cause Order, this Court's concern was not merely with the non-payment of the docketing fee, but Rogers's complete failure to in any way acknowledge the March 8, 2011, April 8, 2011, and June 29, 2011 Orders. Significantly, the April 8, 2011 and June 29, 2011 Orders did not merely require payment of the docketing fee, but directed Rogers to explain why he should not be held in contempt or otherwise sanctioned for failing to timely pay the fee. Had Rogers responded to either order, he could have informed this Court that he had paid the docketing fee on

March 28, 2011, but that the Superior Court erred by not informing this Court of that fact. In other words, Rogers's failure to file any documents in response to the numerous orders entered in the *In re: Rogers* matter — like his failure to respond to the orders entered in *Petition of Rogers* and *Walters v. Walters* — resulted in this Court wasting substantial judicial resources, including holding a show cause hearing that would not have been necessary had Rogers simply responded to this Court's prior orders.

■■ Finally, having determined that Rogers should be held in civil contempt in all three matters, this Court must fashion an appropriate sanction. Although a fine, a period of incarceration, or some combination of both, represent permissible sanctions for civil contempt, the fact that Rogers has now complied with the underlying orders — albeit after issuance of the show cause order — precludes imprisonment as a sanction. *See Burke,* 50 V.I. at 354-55. Nevertheless, Rogers's subsequent compliance with the underlying orders does not preclude this Court from imposing a fine as a sanction for civil contempt, since this Court may still exercise its civil contempt power to obtain reimbursement for the costs associated with the contemnor's disobedience. *Id.* Importantly, the contempt proceedings were initiated by this Court for the purpose of coercing Rogers to (1) pay fees owed to the Court in *In re: Rogers* and *Petition of Rogers,* and (2) submit Aubrey's contact information so that the Court could serve him with orders and other documents related to the *Walters v. Walters* appeal.[2] Thus, this Court may impose a fine as a sanction for civil contempt in order to compensate this Court for the costs associated with Rogers's non-compliance. *See United States v. Dowell,* 257 F.3d 694, 699-700 (7th Cir. 2001) (explaining that, although fines payable to the court are typically criminal contempt sanctions, such fines constitute civil contempt sanctions when purpose of fine is to compensate the court when the court, in effect, is the injured complainant).

---

[2] We note that, on February 15, 2012, this Court received a letter from Elvira Walters, the appellee in the *Walters v. Walters* matter, in which she noted that the case "is in limbo" with "no action, no completion, no decision," and attributed all of the delays to Rogers, who she implied should be imprisoned for contempt. However, we decline to order Rogers to pay any compensation to Elvira as a sanction for civil contempt because (1) the letter makes no attempt to quantify any damages caused by the four-month delay that is attributable to Rogers's non-compliance, and (2) this Court is not convinced that Elvira — who is Aubrey's wife — is unaware of Aubrey's mailing address, and could not have mitigated any potential damages she may have suffered from the delay by providing Aubrey's contact information to the Court notwithstanding Rogers's failure to do so.

■ Here, as a direct result of Rogers's failure to respond to the initial orders entered in these three matters, the Justices of this Court, their law clerks, and this Court's deputy clerks have spent countless hours drafting and entering additional orders seeking his compliance. More significantly, Rogers's failure to file even a single response to the September 12, 2011 and October 5, 2011 Orders in *Walters v. Walters*, the March 8, 2011, April 8, 2011, and June 29, 2011 Orders in *In re: Rogers*, and the September 15, 2011 and October 24, 2011 Orders in *Petition of Rogers* necessitated issuance of the November 7, 2011 Show Cause Order and the December 7, 2011 hearing — which this entire Court presided over — thus expending even more judicial resources over matters that could have been very easily resolved through a written explanation from Rogers. Considering these factors, as well as the absence of any mitigating factors, we conclude that a fine of $300.00 — representing the costs associated with holding the December 7, 2011 hearing and issuing orders seeking compliance with prior orders — represents an appropriate monetary sanction.

## III. CONCLUSION

For the foregoing reasons, this Court holds Rogers in civil contempt, and imposes a $300.00 fine as the sanction for his contempt with respect to all three of these matters, which Rogers shall pay within thirty days of the date of this Opinion.