# IN RE: JOMO MEADE, Appellant

S. Ct. Civil No. 2015-0035
Supreme Court of the Virgin Islands
October 20, 2015

682

JOMO MEADE, ESQ., Law Office of Jomo Meade, St. Croix, USVI, *Pro se.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(October 20, 2015)

HODGE, *Chief Justice.* Appellant Jomo Meade, Esq., appeals from the Superior Court's March 25, 2015 order, which held him in contempt for his failure to attend a status conference. For the reasons that follow, we affirm the Superior Court's decision to hold Meade in contempt, but remand the case for the Superior Court to modify its monetary sanction.

## I. BACKGROUND

On April 20, 2004, Meade filed a civil complaint on behalf of his client, William Joseph, Jr., against Wilbur Joseph in the Superior Court. After numerous proceedings not relevant to this appeal, the Superior Court issued a January 20, 2015 order scheduling a status conference for January 28, 2015, directing that "[c]ounsel shall be prepared to discuss all pending non-dispositive motions, the likelihood of the case being settled, whether the parties have any outstanding discovery issues and any and all issues pertaining to the just, speedy, and inexpensive disposition of the case." (J.A. 6.) However, although opposing counsel was present, Meade failed to appear at the January 28, 2015 status conference or file a motion for continuance.

On February 27, 2015, the Superior Court issued an order requiring Meade to show cause, in writing, as to why he should not be held in contempt for his failure to appear. Meade filed his response on March 4, 2015, in which he stated that he "did not appear on January 28, 2015, because of an inadvertent oversight regarding [his] schedule of Court appearances," and "apologizes for any inconvenience his non appearance

caused the Court or to opposing Counsel." (J.A. 10.) Meade further stated that his "non appearance was not due to any willful or negligent conduct on his part." (*Id.*)

Without holding any further hearing, the Superior Court issued an order holding Meade in contempt on March 25, 2015. In its order, the Superior Court acknowledged Meade's response, but concluded that "he has committed inexcusable neglect that does not justify his failure to appear," and ordered him to pay a "$100 fine to [either] the Clerk of the Court or a charitable organization of his choosing." (J.A. 13-14.) Meade timely filed his notice of appeal with this Court on April 13, 2015, and an amended notice of appeal on April 21, 2015.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

"The Supreme Court [has] jurisdiction over all appeals arising from final judgments, final decrees or final orders of the Superior Court." V.I. CODE ANN. tit. 4, § 32(a). Although the underlying civil case remains ongoing, this Court has concluded that "an order finding contempt against an attorney who is not a party to the underlying litigation is immediately appealable." *In re Rogers*, 56 V.I. 325, 334 (V.I. 2012) (collecting cases). Because Meade appeals from an order of contempt, and is a non-party to the action below, this Court possesses jurisdiction over this appeal.

The standard of review for our examination of the Superior Court's application of law is plenary, while the trial court's findings of fact are reviewed for clear error. *St. Thomas-St. John Bd. of Elections v. Daniel*, 49 V.I. 322, 329 (V.I. 2007). However, the Superior Court's decision to hold an individual in contempt is reviewed only for abuse of discretion. *In re Najawicz*, 52 V.I. 311, 328 (V.I. 2009). The Superior Court abuses its discretion when it makes a decision that "rests upon a clearly erroneous finding of fact, an errant conclusion of law[,] or an improper application of law to fact." *Petrus v. Queen Charlotte Hotel Corp.*, 56 V.I. 548, 554 (V.I. 2012) (quoting *Stevens v. People*, 52 V.I. 294, 304 (V.I. 2009)).

### B. The Contempt Sanction

"[T]he Superior Court has both statutory and inherent power to compel obedience to its orders by way of contempt." *Rogers*, 56 V.I. at

334 (citing 4 V.I.C. §§ 243(4), 281; *In re Kendall*, 55 V.I. 888, 897 (V.I. 2011)). A contempt sanction may be either civil or criminal in nature. A civil contempt sanction is "intended to enforce the rights of private parties [and] to compel obedience to orders and decrees," whereas the purpose of a criminal contempt sanction is "the vindication of the dignity and authority of the court." *Najawicz*, 52 V.I. at 326 (quoting *U.S. Steel Corp. v. Fraternal Ass'n of Steel Haulers*, 601 F.2d 1269, 1273 (3d Cir. 1979)). "A party may be held in civil contempt for failure to comply with a court order if (1) the order the contemnor failed to comply with is clear and unambiguous, (2) the proof of noncompliance is clear and convincing, and (3) the contemnor has not diligently attempted to comply in a reasonable manner." *In re McIntosh*, S. Ct. Civ. Nos. 2012-0013, 0025, 2013 V.I. Supreme LEXIS 11, at *11 (V.I. Mar. 14, 2013) (unpublished) (quoting *In re Burke*, 50 V.I. 346, 352 (V.I. 2008)). However, to be held in criminal contempt for violating a court order, it must be established, beyond a reasonable doubt, that the contemnor. willfully disobeyed the order. *Kendall*, 55 V.I. at 914 (citing *United States v. Providence Journal Co.*, 485 U.S. 693, 701-02, 108 S. Ct. 1502, 99 L. Ed. 2d 785 (1988)). To prove willfulness, the contemnor must "know[ ] or should reasonably be aware that his conduct is wrongful." *In re Kendall*, S. Ct. Misc. No. 2009-0025, 2010 V.I. Supreme LEXIS 73, at *29 (V.I. July 16, 2010) (unpublished) (quoting *Pennsylvania v. Local Union 542, Int'l Union of Operating Eng'rs*, 552 F.2d 498, 510 (3d Cir. 1977)).

The Superior Court did not specify in its March 25, 2015 order whether it intended to hold Meade in civil or criminal contempt. In his appellate brief, Meade maintains that the Superior Court held him in criminal contempt, apparently based on the general principle that "[t]he purpose of criminal contempt proceedings is the vindication of the Court's authority for the past violation." (Appellant's Br. 10.) But while Meade is correct that the March 25, 2015 order directed him to pay a non-dischargeable $100 fine as a sanction for past conduct, it is well-established that a non-dischargeable monetary fine assessed in conjunction with a contempt finding may nevertheless be civil rather than criminal when the court imposes the fine to compensate itself for the harm it suffered from the contemnor's non-compliance. *Walters v. Walters*, 56 V.I. 471, 479 (V.I. 2012) ("[T]his Court may impose a fine as a sanction for civil contempt in order to compensate this Court for the costs associated with [the

contemnor's] non-compliance.") (citing *United States v. Dowell*, 257 F.3d 694, 699-700 (7th Cir. 2001)); *Burke*, 50 V.I. at 355 (imposing monetary fine for civil contempt notwithstanding fact that contemnor had already complied with the orders that had been previously violated).

■ We conclude that the Superior Court intended to hold Meade in civil, rather than criminal, contempt. As noted earlier, one of the key differences between civil and criminal contempt is the minimum intent required to sustain each sanction: while an individual may only be held in criminal contempt if the non-compliance is willful, a court may hold someone in civil contempt as a sanction for negligent conduct. *See Walters*, 56 V.I. at 479; *Burke*, 50 V.I. at 355; *United States v. Mottweiler*, 82 F.3d 769, 772 (7th Cir. 1996) ("Negligent failure to be present . . . could support a civil order requiring counsel to reimburse . . . the judicial system[ ] for the expenses to which that delict leads.") (citing *United States v. Claros*, 17 F.3d 1041, 1046-47 & n.4 (7th Cir. 1994)).

■ In its March 25, 2015 order, the Superior Court expressly invoked the intent for civil contempt, in that it found that Meade "committed inexcusable neglect that does not justify his failure to appear." (J.A. 13.) While the Superior Court did not specify the purpose of the $100 fine, the administration of justice is inherently disrupted when an attorney for one party fails to attend a mandatory court proceeding. *See In re Gratehouse*, 415 A.2d 1388, 1390 (D.C. 1980) (recognizing that attorney's failure to appear due to scheduling conflict "disrupt[s] the efficient administration of the judicial system"). Notably, the Superior Court cited to *People v. Laurencin*, 48 V.I. 304 (V.I. Super. Ct. 2007) — a case where an attorney was sanctioned to compensate the costs of summoning the jury panel when he failed to appear for jury selection — which provides further evidence that the Superior Court intended to compensate rather than to punish. Since the Superior Court referenced the minimum intent standard for civil contempt, and it is well-established that a court may hold an individual in civil contempt for past misconduct if the purpose is to compensate rather than to punish, this Court — in the absence of any express findings to the contrary — must presume that the Superior Court held Meade in civil contempt. *See Pro-Choice Network of W. New York v. Walker*, 994 F.2d 989, 994 (2d Cir. 1993) ("[T]here is a presumption in favor of finding civil as opposed to criminal contempt where there is some doubt as to the nature of the contempt." (quoting *United States v. Ayer*, 866 F.2d 571, 573 (2d Cir. 1989) (internal quotation marks omitted)).

686

 Construing the contempt as civil rather than criminal, the Superior Court did not abuse its discretion. The January 20, 2015 order, on its face, required Meade to appear at the January 28, 2015 status conference. In his response to the Superior Court's show cause order, Meade did not allege that he was not served with the January 20, 2015 order or provide any legitimate reason for his failure to appear at the January 28, 2015 status conference; rather, he attributed his absence to "an inadvertent oversight regarding [his] schedule of Court appearances."[1] (J.A. 10.) Additionally, the record contains no evidence that Meade made any attempt to mitigate the harm caused by his non-appearance. Thus, all three elements of civil contempt are satisfied.[2]

 ██ Nevertheless, while the Superior Court committed no error in holding Meade in civil contempt, it abused its discretion when it provided him with the option to either pay the "$100 fine to [either] the Clerk of the Court or a charitable organization of his choosing." (J.A. 14.) As noted above, the purpose of a civil contempt sanction is to either compel obedience or to compensate for disobedience. A civil contempt fine cannot be payable to a non-party charity without losing its compensatory nature. *McDonald's Corp. v. Victory Investments*, 727 F.2d 82, 87 (3d Cir. 1984) ("The fine imposed . . . in this case cannot be considered compensatory. . . . [T]he fine imposed was not even payable to [the

---

[1] As noted above, willful intent is a necessary element of criminal contempt, but not civil contempt. *Walters*, 56 V.I. at 477. Consequently, Meade's argument that the record contains no evidence that he intentionally failed to appear at the January 28, 2015 status conference is immaterial, since negligent conduct may sustain a civil contempt charge. *Mottweiler*, 82 F.3d at 772.

[2] In his brief, Meade also challenges the procedure the Superior Court employed to hold him in contempt. First, he argues that the Superior Court should have followed the procedures set forth in Superior Court Rules 138 and 139, dealing with criminal contempt. As explained above, the Superior Court held Meade in civil contempt, and thus these rules are inapplicable.

Similarly, Meade's argument that the Superior Court failed to conduct an evidentiary hearing is unavailing. Instead of presenting a defense as to why he did not attend the January 28, 2015 status conference, Meade admitted in his response to the Superior Court's show cause order that his failure to appear was due to "an inadvertent oversight regarding [his] schedule of Court appearances." (J.A. 10.) In light of Meade's admission, as well as the fact that Meade never requested a hearing or oral argument, *see* SUPER. CT. R. 36(a), the Superior Court did not abuse its discretion in failing to hold a hearing *sua sponte*, because Meade failed to provide an explanation that even remotely constituted "a colorable factual basis" to defeat a civil contempt charge. *Accord*, *3RC & Co. v. Boynes Trucking Sys.*, 63 V.I. 544, 561 (V.I. 2015).

opposing party which suffered from the contumacious conduct] but instead to a charitable fund."). In this case, the only parties harmed by Meade's failure to appear — and thus entitled to compensation — are the Superior Court and the opposing party. Consequently, we vacate the portion of the March 25, 2015 order that permits Meade to pay the $100 fine to a charitable organization, and remand the case to the Superior Court so that it may modify its sanction so that the fine is payable only to the Clerk of the Superior Court.

### III. CONCLUSION

Because the Superior Court did not intend to punish Meade, but rather sought to compensate itself for the costs associated with the January 28, 2015 status conference, it held him in civil contempt rather than criminal contempt. Since the evidence is sufficient to sustain its civil contempt sanction, we affirm the portion of the Superior Court's March 25, 2015 order that held him in contempt. However, we vacate the portion of the order that authorized Meade to pay the $100 fine to a charity in lieu of the Superior Court, since paying the fine to a charitable organization that was not a party to the case or otherwise harmed by Meade's failure to appear would cause the sanction to lose its compensatory purpose. On remand, the Superior Court shall modify its sanction to specify that the fine is only payable to the Clerk of the Superior Court.