# IN RE LEE J. ROHN, Appellant

S. Ct. Civil No. 2016-0041
Supreme Court of the Virgin Islands
August 1, 2017

LEE J. ROHN, ESQ., Law Offices of Lee J. Rohn and Associates, LLC, St. Croix, USVI, *Pro se.*

KYLE R. WALDNER, ESQ., Quintairos, Prieto, Wood & Boyer, P.A., St. Thomas, USVI, *Attorney for Appellees.*

HODGE, *Chief Justice*; CABRET, *Associate Justice*; and SWAN, *Associate Justice.*

## OPINION OF THE COURT

(August 1, 2017)

HODGE, *Chief Justice.* Lee J. Rohn, Esq., appeals from the Superior Court's March 2, 2016 order, which ordered her to pay $1,845 in

sanctions to Appellees CULUSVI, Inc. and Cost-U-Less, Inc. (collectively "Cost-U-Less defendants"). For the reasons that follow, we reverse the March 2, 2016 order.

## I. BACKGROUND

On March 22, 2006, Rohn filed a personal injury lawsuit against the Cost-U-Less defendants in the Superior Court as counsel for Luis Moquete-Mella. After numerous proceedings not relevant to this appeal, the Cost-U-Less defendants filed two motions for summary judgment on December 12, 2012, and a third summary judgment motion on December 28, 2012. Moquete-Mella subsequently filed a response to all three motions, and the Cost-U-Less defendants filed their replies on June 12, 2013. The Superior Court heard oral argument on the summary judgment motions on July 10, 2013, and took the matter under advisement.

On April 7, 2015 — while the summary judgment motions remained under advisement by the Superior Court — Moquete-Mella filed two affidavits in further support of his opposition to the summary judgment motions. Shortly thereafter, the Cost-U-Less defendants filed a "safe harbor" letter pursuant to Rule 11(c)(2) of the Federal Rules of Civil Procedure, as well as a motion for sanctions under Federal Rule 11, which Rohn and Moquete-Mella opposed. At an October 16, 2015 hearing, the Superior Court stated that it would rule on the sanctions motions on the papers without an evidentiary hearing, because it is "self explanatory." (J.A. 52-53.) The Superior Court determined that there was no good-faith basis for the filing of the affidavits and, in a March 2, 2016 order, directed Rohn to pay $1,845 to the Cost-U-Less defendants as sanctions under Federal Rule 11.

Ultimately, Moquete-Mella and the Cost-U-Less defendants entered into a stipulation of dismissal with prejudice, which the Superior Court approved on July 21, 2016. On August 19, 2016, Rohn filed a notice of appeal with this Court, which sought to review solely the March 2, 2016 sanctions order.

## II. DISCUSSION

### A. Jurisdiction and Standard of Review

■ Pursuant to the Revised Organic Act of 1954, this Court has appellate jurisdiction over "all appeals from the decisions of the courts of

the Virgin Islands established by local law[.]" 48 U.S.C. § 1613a(d); *see also* V.I. CODE ANN. tit. 4, § 32(a) (granting this Court jurisdiction over "all appeals arising from final judgments, final decrees or final orders of the Superior Court"). Because the Superior Court's July 21, 2016 order is a final order within the meaning of section 32, in that it resolved all claims with respect to all parties, we have jurisdiction over this appeal from the earlier March 2, 2016 order. *Enrietto v. Rogers Townsend & Thomas PC*, 49 V.I. 311, 315 (V.I. 2007). *See also, e.g., In re Le Blanc*, 49 V.I. 508, 519 (V.I. 2008) (citing *Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 119 S. Ct. 1915, 144 L. Ed. 2d 184 (1999) (concluding that an order sanctioning an attorney cannot remain completely separate from the merits of the case so as to be immediately appealable; instead, sanctions order can be effectively reviewed on appeal from a final judgment in the underlying litigation)) and *Comuso v. AMTRAK*, 267 F.3d 331, 338-39 (3d Cir. 2001) (explaining that an order sanctioning an attorney is not a final order, and that "counsel may monitor the litigation to appeal after a final judgment has been issued")).

■ "It is well-established that the Superior Court's decision to impose, or decline to impose, a sanction . . . is typically reviewed only for abuse of discretion." *Bryan v. Fawkes*, 61 V.I. 416, 474 (V.I. 2014). However, when such a decision is based on the Superior Court's application of law, this Court reviews the issue de novo. *In re Drue*, 57 V.I. 517, 522 (V.I. 2012).

## B. Applicability of Federal Rule of Civil Procedure 11

Rohn maintains that the sanctions provisions of Rule 11 of the Federal Rules of Civil Procedure do not apply to proceedings in the Superior Court.[1] Rohn correctly notes that Superior Court Rule 29 provides that

---

[1] On appeal, the Cost-U-Less defendants contend that Rohn has waived the issue of Federal Rule 11's applicability because it was not raised in her opposition to their motion for sanctions. However, this Court's rules do not require that a matter be brought to the Superior Court's attention at a specific time, but only that they be "fairly presented to the Superior Court." V.I. R APP. P. 4(h). In this case, the Superior Court, in its March 2, 2016 order, expressly recognized that "Plaintiff contends that Rule 11 of the Federal Rules of Civil Procedure does not apply in the Superior Court under precedent from the Supreme Court of the Virgin Islands," and then proceeded to reject that argument. (J.A. 45.) Because the Superior Court considered Rohn's argument on the merits, it was "fairly presented to the Superior Court" within the meaning of Rule 4(h).

"Rules 10 and 11 of the Federal Rules of Civil Procedure as to form, signing and verification of pleadings and other papers shall apply." *See also Bryan v. Ponce*, 51 V.I. 239, 250 & n.7 (V.I. 2009) ("Superior Court Rule 29 . . . expressly makes Federal Rule 11's provisions regarding the signing of pleadings applicable to all pleadings filed in the Superior Court."). According to Rohn, the fact that Superior Court Rule 29 expressly incorporates only the signature and verification provisions of Federal Rule 11 — which are found, respectively, in Federal Rule 11(a) and 11(b) — necessarily means that the drafters of the Superior Court rules did not intend to incorporate Federal Rule 11(c), which pertains to sanctions. However, in its March 2, 2016 order, the Superior Court summarily held that the reference to Federal Rule 11 in Superior Court 29 was sufficient to specifically incorporate all of Federal Rule 11.

■ ■ We agree with Rohn. "[I]n the Superior Court of the Virgin Islands, the Federal Rules of Civil Procedure . . . should represent rules of last resort rather than first resort, and should be invoked only when a thorough review of applicable Virgin Islands statutes, Superior Court rules, and precedents from this Court reveals the absence of any other procedure." *Sweeney v. Ombres*, 60 V.I. 438, 442 (V.I. 2014). This Court has repeatedly observed that the incorporation of federal procedural rules by reference may constitute an unlawful delegation in violation of the Revised Organic Act of 1954. *See, e.g., Vanterpool v. Gov't of the V.I.*, 63 V.I. 563, 578-79 (V.I. 2015); *Percival v. People*, 62 V.I. 477, 486 n.1 (V.I. 2015). But even if this Court were to assume — without deciding — that a Superior Court rule may incorporate a federal procedural rule by reference, Superior Court Rule 29, by its own explicit terms, only incorporates Federal Rule 11 "as to form, signing and verification of pleadings and other papers." It is not clear how this limited reference to Federal Rule 11 could be construed to incorporate the entirety of Federal Rule 11, including provisions that do not relate to form, signing, and verification of pleadings.

■ For similar reasons, Federal Rule 11(c) cannot be incorporated through Superior Court Rule 7. Because Superior Court Rule 7 provides that "[t]he practice and procedure in the Superior Court shall be governed by the Rules of the Superior Court and, to the extent not inconsistent therewith, by . . . the Federal Rules of Civil Procedure," when a Superior Court Rule incorporates only a portion of a federal rule, "[t]he only reasonable explanation for the omission . . . is that the drafters of [the

Superior Court Rule] intended to dispense with the previously incorporated federal rule." *Corraspe v. People*, 53 V.I. 470, 482-83 (V.I. 2010). Significantly, because Superior Court Rule 29 states — in its entirety — that "Rules 10 and 11 of the Federal Rules of Civil Procedure as to form, signing and verification of pleadings and other papers shall apply to the Superior Court," a holding that the sanctions provisions of Federal Rule 11 nevertheless apply to the Superior Court would render Superior Court Rule 29 wholly superfluous and without any meaning.[2] *Corraspe*, 53 V.I. at 482 (quoting *TRW Inc. v. Andrews*, 534 U.S. 19, 31, 122 S. Ct. 441, 151 L. Ed. 2d 339 (2001)).

■ Moreover, even if Superior Court Rules 7 or 29 could be interpreted to incorporate Federal Rule 11(c), as this Court has recently emphasized, a rule adopted by the Superior Court — a lower court in the hierarchy of the Virgin Islands Judiciary — may not supersede a statute duly enacted by the Legislature or a precedent of this Court. *Gerace v. Bentley*, 65 V.I. 289, 306 (V.I. 2016) (citing *Sweeney*, 60 V.I. at 441-42 (V.I. 2014)). The Legislature has enacted numerous statutes that explicitly or implicitly authorize the Superior Court to impose sanctions for violation of procedural rules. *See, e.g.*, 4 V.I.C. § 243(1)-(3) ("Every court shall have power . . . [t]o preserve and enforce order in its immediate presence," "[t]o enforce order in the proceedings before it," "[t]o provide for the orderly conduct of proceedings before it or its officers," and "[t]o compel obedience to its judgments, orders and processes"); 4 V.I.C. § 244 ("Any person who willfully violates, neglects or refuses to observe or perform any lawful order of a court shall be guilty of contempt of court and upon being found guilty of such contempt may be punished as provided by law."); 4 V.I.C. § 281(1)-(2) ("Every judicial officer shall have power . . . [t]o preserve and enforce order in his immediate presence and in the proceedings before him," and "[t]o compel obedience to his lawful orders."); 4 V.I.C. § 282 ("For the effectual exercise of the powers conferred in the last section a judicial officer may punish for contempt in

---

[2] In their appellate brief, the Cost-U-Less defendants state that "a survey of Virgin Islands court opinions show that courts have consistently construed Rule 29 over time to incorporate all of [Federal Rule] 11." (Appellees' Br. 7.) However, the Cost-U-Less defendants have cited to no case law or any other authority to support this proposition. Accordingly, we do not consider it. V.I. R.App. P. 22(m) ("Issues that . . . are only adverted to in a perfunctory manner or unsupported by argument and citation to legal authority, are deemed waived for purposes of appeal.").

the cases and in the manner provided by law."); 4 V.I.C. § 324 ("When jurisdiction is by law conferred on a court or judicial officer, all the means necessary to carry it into effect are also given; and in the exercise of this jurisdiction, if the course of the proceedings is not specifically pointed out by law or by rules of procedure adopted pursuant to law, any suitable process or mode of proceeding may be adopted which may appear most conformable to the spirit of the law."). Additionally, this Court has also held that Virgin Islands courts possess the inherent power to impose sanctions independent of any statutory or procedural rules. *See, e.g., In re Moorhead*, 63 V.I. 689, 693 (V.I. 2015); *In re Meade*, 63 V.I. 681, 685 (V.I. 2015); *In re Burke*, 50 V.I. 346, 351 (V.I. 2008). Given the existence of both statutory and inherent authority to impose sanctions, there is no need to incorporate Federal Rule of Civil Procedure 11(c) into Virgin Islands jurisprudence.[3]

Finally, the Cost-U-Less defendants argue that this Court should affirm the March 2, 2016 order even if Federal Rule 11(c) is not applicable to Superior Court proceedings because the Superior Court could have sanctioned Rohn on other grounds. Specifically, the Cost-U-Less defendants contend that the sanctions award is supported by 4 V.I.C. § 243(2), which provides that "[e]very court shall have power to enforce order in the proceedings before it," as well as the Superior Court's inherent power, in that Rohn "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *In re Prudential Ins. Co.*, 278 F.3d 175, 189 (3d Cir. 2002).

■ We decline the Cost-U-Less defendants' invitation to consider alternate grounds for affirmance. Ordinarily, this Court will consider alternate grounds to affirm a decision of the Superior Court that were never considered by the Superior Court when the decision concerns a purely legal question upon which this Court owes the Superior Court no deference. *See Rennie v. Hess Oil V.I. Corp.*, 62 V.I. 529, 541 (V.I. 2015). However, because the decision to impose sanctions "is a decision particularly committed to the sound discretion of the [trial] court,"

---

[3] In its appellate brief, the Cost-U-Less defendants correctly note that much of Federal Rule 11(c) is incorporated into Virgin Islands Rule of Civil Procedure 11(c), which went into effect on March 31, 2017. However, because the Superior Court sanctioned Rohn on March 2, 2016, we apply the rules that were in effect on that date. *Blyden v. People*, 53 V.I. 637, 658 n.15 (V.I. 2010).

appellate courts will rarely affirm a sanctions decision "on grounds other than those expressly chosen by the imposing court," for doing so "would constitute an encroachment upon that court's discretion." *Crowe v. Smith*, 151 F.3d 217, 240 (5th Cir. 1998); *see also Arab American Television v. Union of Radio and Television of the Arab Republic of Egypt's Ministry of Information & Communication*, No. 97-55190, 1998 U.S. App. LEXIS 13150, at *6 (9th Cir. June 17, 1998) (unpublished) ("We cannot affirm an award of sanctions on different factual or legal grounds than those upon which the [trial] court relied."); *Pierce v. F.R. Tripler & Co.*, 955 F.2d 820, 831 (2d Cir. 1992) (reversing sanctions under Federal Rule 11 and declining to consider whether sanctions could be upheld on an alternate basis because "the judge made no such finding here and the sanctions cannot be upheld on appeal on that ground").[4] In this case, the Cost-U-Less defendants moved to sanction Rohn pursuant to Federal Rule 11, and the Superior Court entered its March 2, 2016 sanctions order on that basis, rather than pursuant to its statutory or inherent authority. Consequently, we reverse the March 2, 2016 order to the extent it imposed sanctions under Federal Rule 11, without prejudice to the Superior Court determining whether sanctions may be appropriate under a different authority to the extent it wishes to revisit the matter on remand.

---

[4] The concurring/dissenting opinion maintains that these cases are inapplicable because they purportedly only stand for the proposition that a court cannot affirm based on alternative factual grounds, while the concurring/dissenting opinion maintains that this Court can affirm on alternative legal grounds. However, as the concurring/dissenting opinion acknowledges in a footnote, the Superior Court made no finding that Rohn acted vexatiously, wantonly, for oppressive reasons, or in bad faith. But in the sanctions context, whether an individual acted in bad faith is a question of fact, rather than a question of law. *S.E.C. v. Smith*, 710 F.3d 87, 97 (2d Cir. 2013). And while the concurring/dissenting opinion states that we may infer that the Superior Court made such a finding, this is directly contrary to our own precedents, which provide that "the trial court *must point to specific evidence* to justify its determination of willfulness or bad faith." *Molloy v. Independence Blue Cross*, 56 V.I. 155, 192 (V.I. 2012) (trial court cannot presume bad faith when attorney failed to timely respond to a motion) (emphasis added). Notably, the record contains evidence that cuts against a finding of bad faith, in that the Superior Court stated at the October 15, 2015 hearing that Rohn's actions violated District Court Local Rule of Civil Procedure 56.1 by filing the affidavits — even though this Court, in a decision rendered two months before the hearing, held that "there is no legitimate reason to extend District Court Rule 56.1 to proceedings in the Superior Court." *Vanterpool*, 63 V.I. at 582 n.8.

## III. CONCLUSION

■ The Superior Court committed error when it determined that Federal Rule of Civil Procedure 11(c) is applicable to proceedings in the Superior Court, when Superior Court Rule 29 only incorporates the provisions of Federal Rule 11 pertaining to the form, signing and verification of pleadings and papers, and multiple Virgin Islands statutes, as well as judicial precedents outlining the Superior Court's inherent powers, grant the Superior Court the authority to issue sanctions. Accordingly, we reverse the Superior Court's March 2, 2016 order imposing sanctions under Federal Rule 11.

CABRET, *Associate Justice*, concurring in part and dissenting in part.

I agree with the majority that the Superior Court erred by relying on Federal Rule of Civil Procedure 11(c) to sanction attorney Rohn.[1] I also agree with the majority that the Superior Court has both statutory and inherent authority to impose sanctions. I write separately because, unlike the majority, I believe that this Court, by relying on the Superior Court's statutory and inherent authority to sanction, can affirm the court's decision without disturbing its underlying factual grounds for sanctions, namely, Rohn's blatant noncompliance with its lawful case-management deadline.

It is well established that the Superior Court has broad discretion in managing its own docket. *See Rivera-Mercado v. Gen. Motors Corp.*, 51 V.I. 307, 323-24 (V.I. 2009) (Swan, J., concurring) ("[C]ourts have broad discretion to manage their dockets[.]" (citation and internal quotation marks omitted)).[2] In this case, after a series of omnibus scheduling orders, the Superior Court ordered that fact discovery close on October 19, 2012,

---

[1] I note that under Promulgation Order 2017-0001, Rule 11(c) of the Virgin Islands Rules of Civil Procedure now provides that the court may impose fees and costs on an attorney if he or she "fails to obey a scheduling or other pretrial order."

[2] *See also A. Bauer Mech., Inc. v. Joint Arbitration Bd.*, 562 F.3d 784, 790 (7th Cir. 2009) ("[Trial] courts have broad discretion to manage their dockets." (collecting cases)); *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (same); *United States v. Goodson*, 204 F.3d 508, 514 (4th Cir. 2000) (same); *In re NLO, Inc.*, 5 F.3d 154, 157 (6th Cir. 1993) (same); *Findlay v. Lewis*, 172 Ariz. 343, 837 P.2d 145, 148 (1992) (same); *SR Acquisitions-Florida City, LLC v. San Remo Homes at Florida City, LLC*, 78 So. 3d 636, 638 (Fla. Dist. Ct. App. 2011) (same); *Gonzalez v. State*, 2015 UT 10, 345 P.3d 1168, 1180 (Utah 2015) (same); *State ex rel. Atkins v. Burnside*, 212 W. Va. 74, 569 S.E.2d 150, 160 (2002) (same); *Hefty v. Strickhouser*, 2008 WI 96, 312 Wis. 2d 530, 752 N.W.2d 820, 828 (2008) (same).

and that all dispositive motions be filed by November 30, 2012. And once the defendants filed their dispositive motions, the Superior Court ordered Rohn to submit all responsive materials by May 17, 2013. Notwithstanding the court's order, on April 7, 2015, and without leave, Rohn submitted two witness affidavits in support of her client's oppositions to summary judgment. Defendants quickly moved for sanctions, and on October 16, 2015, the court granted defendants' motion under Federal Rule of Civil Procedure 11(c), explaining that

> Inasmuch as there was no compliance with the rules with respect to filing additional submissions after the close of the briefing schedule, and no request for extension of time to file, and there being no excusable neglect shown, the [c]ourt determines that there was no good-faith basis for filing these affidavits.

(*See also* J.A. 53 ("Essentially, well after this matter was fully briefed, Plaintiff filed two affidavits in support of the Plaintiff['s] opposition[s] to the pending motion[s] for summary judgment . . . . There was no leave sought to file these after our oral arguments.").) The court awarded attorney's fees and costs in a March 2, 2016 order, again explaining that Rohn could not, "absent a court order to the contrary," submit additional evidence in opposition to summary judgment "two years after the briefing process was closed and a hearing held."

In light of these repeated and explicit findings, I believe that it is clear that the court based its decision to sanction Rohn on her noncompliance with its case-management deadline. And although the court erroneously relied on Federal Rule 11(c), there is little doubt that it could have exercised either its statutory authority, *see Molloy v. Independence Blue Cross*, 56 V.I. 155, 191 n.11 (V.I. 2012) ("The failure to follow a Superior Court order can be grounds for sanctions against the party or its attorney." (citing in part 4 V.I.C. §§ 243, 244, 281, 282)),[3] or its inherent authority,

---

[3] A sanction imposed under a court's statutory authority for failure to comply with a court order requires, in addition to noncompliance, that the order itself was "clear and unambiguous," and that the party did "not diligently attempt[ ] to comply [with the order] in a reasonable manner." *In re Moorhead*, 63 V.I. 689, 693 (V.I. 2015) (citation and internal quotation marks omitted) (evaluating sanctions under 4 V.I.C. §§ 243(4) and 281). Here, there is no dispute that the court's case-management order was clear and unambiguous, or that despite notice from the court and defendants, Rohn did not seek leave of the court to submit her late

*see In re Burke*, 50 V.I. 346, 351 (V.I. 2008) ("[C]ourts ha[ve] inherent power to impose sanctions in order to control [their] docket[s] and promote judicial efficiency." (citation and internal quotation marks omitted)),[4] to sanction Rohn for her conduct. The majority does not take a contrary position, but instead declines to consider these alternative grounds for affirmance, explaining that "doing so would constitute an encroachment upon that court's discretion." (Maj. Op'n 7 (citations and internal quotation marks omitted).) Notwithstanding the facial appeal of the majority's reasoning, a detailed analysis reveals its shortcomings.

The majority's decision to remand relies on three cases. In two of those cases, *Crowe v. Smith*, 151 F.3d 217 (5th Cir. 1998), and *Pierce v. F.R. Tripler & Co.*, 955 F.2d 820 (2d Cir. 1992), the appellate court, having rejected the trial court's factual grounds for sanctions, declined to affirm

---

filing. As a result, under our precedent, the court was well within its statutory power to sanction Rohn for her noncompliance with its case-management deadline. *See In re Moorhead*, 63 V.I. at 693-95 (affirming monetary sanction under 4 V.I.C. §§ 243(4) and 281 where attorney failed to attend a pretrial conference); *In re Meade*, 63 V.I. 681, 684-87 (V.I. 2015) (same, but attorney failed to attend a status conference).

[4] A sanction imposed under a court's inherent authority requires a party to "act in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 33, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). And although the court in this case did not use that exact terminology in its explicit findings, instead characterizing Rohn's conduct as taken without "good-faith," I believe that, under the circumstances, we can, as a matter of law, either conclude that the trial court intended "lack of good faith" to mean "bad faith," *see Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 571 F.3d 1143, 1145 n.3 (11th Cir. 2009) (using terms "bad faith" and "lack of good faith" interchangeably); *PSE Consulting, Inc. v. Frank Mercede & Sons, Inc.*, 267 Conn. 279, 838 A.2d 135, 148 n.7 (2004) (same); *Patino v. Patino*, 283 A.D. 630, 129 N.Y.S.2d 333, 338 (1954) (Callahan, J., concurring) (explaining that a "lack of good faith . . . is the equivalent in law to bad faith"); *Hoskins v. Aetna Life Ins. Co.*, 6 Ohio St. 3d 272, 6 Ohio B. 337, 452 N.E.2d 1315, 1320 (1983) (same); *Associated Indem. Corp. v. CAT Contracting, Inc.*, 964 S.W.2d 276, 283 (Tex. 1998) (noting that equating bad faith with lack of good faith is "conceptually sound"); *Fidelity & Deposit Co. of Md. v. Wu*, 150 Vt. 225, 552 A.2d 1196, 1199 n.4 (1988) (using terms "bad faith" and "lack of good faith" interchangeably), or conclude that the court's findings, particularly Rohn's failure to seek leave to submit her untimely filing, "were sufficiently concise and based on clear evidence so as to amount to the bad faith required to impose sanctions." *DLC Mgmt. Corp. v. Town of Hyde Park*, 163 F.3d 124, 136 (2d Cir. 1998) (affirming trial court's imposition of sanctions where court found that the defendants had acted in "conscious disregard of their discovery obligations"); *see Optyl Eyewear Fashion Int'l Corp. v. Style Companies, Ltd.*, 760 F.2d 1045, 1051 (9th Cir. 1985) (affirming trial court's imposition of sanctions without express findings of "recklessness or bad faith," explaining that remand was not necessary where it had "a complete understanding of the issues [from the record] without the aid of separate findings" (citations and internal quotation marks omitted)).

on alternative *factual* grounds not relied on by the trial court. *Crowe*, 151 F.3d at 238-40 (explaining that even though the record supported a finding that some of the attorneys made misrepresentations, the sanctions could not be affirmed on that basis because the trial court relied on alternative grounds); *Pierce*, 955 F.2d at 831 (explaining that even if there was a factual basis to believe that the sanctioned defendant had moved "to disqualify plaintiff's attorney and her law firm by forcing [her] to testify," the sanctions could not be affirmed on that basis because the trial court "made no such findings here"). The difference between those two decisions and the case at hand, however, is that unlike in those cases, we are not asked to rely on factual grounds any different from those already explicitly and repeatedly relied on by the trial court, namely, that Rohn, without leave of the court, filed two affidavits in opposition to summary judgment nearly two years after the deadline imposed by the court's case-management deadline. The majority's third case, *Arab American Television v. Union of Radio & Television of Arab Republic of Egypt's Ministry of Information & Communication*, No. 97-55190, 1998 U.S. App. LEXIS 13150 (9th Cir. 1998), appears applicable, but on closer inspection, presents its own problems. In *Arab American Television*, the Ninth Circuit, when asked to affirm sanctions on alternative *legal* grounds, declined to do so, explaining that the movant "does not cite precedent authorizing an appellate court to impose sanctions on an alternative ground not relied on by the trial court, and *we have found none*." 1998 U.S. App. LEXIS 13150, at *6 (emphasis added). The Ninth Circuit then cited *Pierce* and concluded that it could not "affirm an award of sanctions on different . . . legal grounds than those upon which the district court relied." *Id.* Fortunately, this Court is not bound by the Ninth Circuit's reasoning in *Arab American Television. See Hughley v. Gov't of the V.I.*, 61 V.I. 323, 337-38 (V.I. 2014) ("[I]t is well established that the court of last resort for a state or territory is not bound by decisions of its regional federal court of appeals or any other lower federal court — even those interpreting the United States Constitution — but need only follow the United States Supreme Court[.]" (collecting cases)).

Contrary to the Ninth Circuit's suggestion, precedent did exist at the time of *Arab American Television* to affirm sanctions on alternative *legal* grounds. In 1997, the Seventh Circuit evaluated a challenge to sanctions imposed by a bankruptcy court under 28 U.S.C. § 1927 for repeated failures to comply with the court's scheduling orders. *In re Volpert*, 110

F.3d 494 (7th Cir. 1997). The Seventh Circuit, instead of resolving whether section 1927 authorized the bankruptcy court to impose the underlying sanctions, relied on an alternative *legal* basis, 11 U.S.C. § 105(a), to affirm the sanctions. 110 F.3d at 500-01. Since *Volpert*, a number of courts have embraced the idea that alternative *legal* grounds — as opposed to alternative *factual* grounds — can be considered in evaluating whether sanctions are appropriate. *See, e.g., Toll v. Am. Airlines, Inc.*, 166 Fed. Appx. 633, 636-37 (3d Cir. 2006) (affirming dismissal sanction on alternative legal grounds); *Tyler v. Prince George's Cnty.*, 16 Fed. Appx. 191, 192 (4th Cir. 2001) (affirming dismissal sanction on alternative legal grounds); *Berzins v. Berzins*, 306 Conn. 651, 51 A.3d 941, 946-48 (2012) (considering alternative legal grounds, but declining to affirm sanctions where the trial court's factual findings were insufficient under state law). Even this Court has recognized the appropriateness of evaluating alternative *legal* grounds for affirmance in the interests of judicial economy. *See, e.g., Rennie v. Hess Oil V.I. Corp.*, 62 V.I. 529, 541-53 (V.I. 2015) (considering alternative legal grounds for dismissal); *cf. Rivera-Moreno v. Gov't of the V.I.*, 61 V.I. 279, 313-21 (V.I. 2014) (considering legal issues raised for the first time on appeal).

But beyond these case law shortcomings, the majority's decision also suffers from an important practical difficulty — the judge who imposed the underlying sanctions is no longer on the bench. And by purporting to avoid "encroachment upon *that* court's discretion," (Maj. Op'n 7 (emphasis added)), the majority is merely remanding the matter to a different judge less familiar with the case, which will undoubtedly result in the additional, unnecessary waste of judicial resources within this jurisdiction. *See First Bank Bus. Capital, Inc. v. Agriprocessors, Inc.*, 602 F. Supp. 2d 1076, 1093-94 (N.D. Iowa 2009) (explaining that where a court had "already expended a significant amount of time and effort working on [a] case," judicial efficiency would be undermined if the court simply "dump[ed] th[e] case on a [different trial] court judge . . . who is wholly unfamiliar with the case"); *Ingles v. Toro*, 438 F. Supp. 2d 203, 215-16 (S.D.N.Y. 2006) (noting that "it would be a tremendous waste of resources for the parties to have to . . . seek relief from a state court judge wholly unfamiliar with the case"). Therefore, because I believe that the interests of judicial economy call for affirmance on alternative *legal* grounds in this case, I respectfully dissent in part.